THOMAS R. LUCCHESI (*Pro Hac Vice*)
*tlucchesi@bakerlaw.com*
TERRY M. BRENNAN (*Pro Hac Vice*)
*tbrennan@bakerlaw.com*
ANTHONY B. PONIKVAR (*Pro Hac Vice*)
*aponikvar@bakerlaw.com*
**BAKER & HOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, OH 44114
Telephone:  (216) 621-0200
Facsimile:   (216) 696-0740

WILLIAM W. OXLEY (SBN 136793)
*woxley@bakerlaw.com*
RYAN D. FISCHBACH (SBN 204406)
*rfischbach@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Ste. 1400
Los Angeles, CA  90025
Telephone:  (310) 820-8800
Facsimile:   (310) 820-8859

*Attorneys for Defendants*
LORDSTOWN MOTORS CORP., STEVE
BURNS, JOHN LAFLEUR, DARREN POST,
RICH SCHMIDT, ROGER J. DURRE, and
HONG XIN HUAN (A.K.A. "GEORGE"
HUAN)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMA AUTOMOTIVE LLC, a California Limited Liability Company, | Case No.: 8:20-cv-02104-JVS-DFM |
| Plaintiff, | **DEFENDANT LORDSTOWN MOTORS CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| v. | |
| LORDSTOWN MOTOR CORP., an Ohio Corporation; STEVE BURNS, an individual, JOHN LEFLEUR, an individual, DARREN POST, an individual, RICH SCHMIDT, an individual, ROGER J. DURRE, an individual, HONG XIN HUAN (A.K.A. "GEORGE" HUAN), and individual, and DOES 1 through 50, inclusive, | Action Filed:      October 30, 2020 |
| | DEMAND FOR JURY TRIAL. |
| Defendants. | |

NOW COMES Defendant LORDSTOWN MOTORS CORP. ("LMC"), a Delaware corporation (incorrectly designated in the caption as an Ohio corporation), by and through its counsel, Baker & Hostetler LLP, and in response to the allegations of Plaintiff KARMA AUTOMOTIVE LLC's ("Karma") Complaint for Damages and Equitable Relief ("Complaint"), states as follows:

## **INTRODUCTION**

1. Denies the allegations of paragraph 1 of the Complaint, which allegations are set forth in a manner that violates Rule 8 of the Federal Rules of Civil Procedure.

2. Denies the allegations of paragraph 2 of the Complaint, which allegations are set forth in a manner that violates Rule 8 of the Federal Rules of Civil Procedure.

3. Denies the allegations of paragraph 3 of the Complaint, which allegations are set forth in a manner that violates Rule 8 of the Federal Rules of Civil Procedure.

## **SUMMARY OF ACTION**

4. Denies the allegations of paragraph 4 of the Complaint, which allegations are set forth in a manner that violates Rule 8 of the Federal Rules of Civil Procedure.

5. States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the Complaint and, therefore, denies same.

6. Denies the allegations of paragraph 6 of the Complaint, which allegations are set forth in a manner that violates Rule 8 of the Federal Rules of Civil Procedure.

7. Denies the allegations of paragraph 7 of the Complaint, which allegations are set forth in a manner that violates Rule 8 of the Federal Rules of Civil Procedure.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

8.      Denies the allegations of paragraph 8 of the Complaint.

9.      In response to the allegations of paragraph 9 of the Complaint that pertain to it, LMC admits only that it hired Hong Xin "George" Huan.  LMC denies that it has possession of Karma's trade secrets and that Karma has suffered irreparable harm or financial damage. Further answering, LMC states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 9 that pertain to other defendants and, therefore, denies same,

10.     The allegations of paragraph 10 of the Complaint are not factual allegations and do not require a response.  To the extent a response may be required, the allegations are denied.

11.     Denies the allegations of paragraph 11 of the Complaint.

## THE PARTIES

12.     In response to the allegations of paragraph 12 of the Complaint, admits only that Karma maintains a place of business in Orange County, California; states that it is without knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations of that paragraph.

13.     Admits the allegations of paragraph 13 of the Complaint.

14.     Admits the allegations of paragraph 14 of the Complaint.

15.     Admits the allegations of paragraph 15 of the Complaint.

16.     In response to the allegations of paragraph 16 of the Complaint, admits only that Darren Post is Chief Technology Officer of LMC; denies the remaining allegations of that paragraph.

17.     In response to the allegations of paragraph 17 of the Complaint, admits only that Rich Schmidt is the Chief Production Office of LMC; denies the remaining allegations of that paragraph.

18.     In response to the allegations of paragraph 18 of the Complaint, admits only that Roger "Joe" Durre is a resident of California; states that it is without

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations of that paragraph.

19.     In response to the allegations of paragraph 19 of the Complaint, admits only that Hong Xin ("George") Huan is a resident of North Carolina; states that it is without knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations of that paragraph.

## JURISDICTION & VENUE

20.     In response to the allegations of paragraph 20 of the Complaint, admits this Court has subject-matter jurisdiction over this dispute.

21.     In response to the allegations of paragraph 21 of the Complaint, admits this Court has subject-matter jurisdiction over Karma's state law claims.

22.     In response to the allegations of paragraph 22 of the Complaint, admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS

23.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 of the Complaint and, therefore, denies same.

24.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint and, therefore, denies same.

25.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 of the Complaint and, therefore, denies same.

26.     In response to the allegations of paragraph 26 of the Complaint that pertain to it, LMC admits only that it entered into a Mutual Non-Disclosure Agreement with Karma. Further answering, LMC states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

allegations of paragraph 26 that pertain to Karma's activities involving other entities and, therefore, denies same.

27.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27 of the Complaint and, therefore, denies same.

28.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28 of the Complaint, which allegations pertain to other defendants, thereby requiring no response from LMC.  To the extent a response may be required, the allegations are denied.

29.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 of the Complaint, which allegations pertain to other defendants, thereby requiring no response from LMC.  To the extent a response may be required, the allegations are denied.

30.     Denies the allegations of paragraph 30 of the Complaint.

<u>Karma's Confidential Information</u>

31.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31 of the Complaint and, therefore, denies same.

32.     The allegations of paragraph 32 of the Complaint include legal conclusions to which no response is required; to the extent a response may be required, LMC denies the allegations of that paragraph.

33.     The allegations of paragraph 33 of the Complaint include legal conclusions to which no response is required; to the extent a response may be required, LMC denies the allegations of that paragraph.

34.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 of the Complaint and, therefore, denies same.

35.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35 of the Complaint and, therefore, denies same.

36.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 36 of the Complaint and, therefore, denies same.

37.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 37 of the Complaint and, therefore, denies same.

38.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38 of the Complaint and, therefore, denies same.

39.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 39 of the Complaint, which allegations pertain to other defendants, thereby requiring no response from LMC.  To the extent a response may be required, the allegations are denied.

40.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40 of the Complaint, which allegations pertain to other defendants, thereby requiring no response from LMC. To the extent a response may be required, the allegations are denied.

41.     In response to the allegations of paragraph 41 of the Complaint, LMC admits only that the parties' Mutual Non-Disclosure Agreement contained provisions relating to Confidential Information and that Karma may have shared information that Karma believes is confidential; denies the remaining allegations of that paragraph.

/ /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

<u>Employee Defendants' Contractual Obligations to Karma</u>

42.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42 of the Complaint and, therefore, denies same.

43.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43 of the Complaint and, therefore, denies same.

44.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 of the Complaint and, therefore, denies same.

45.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of the Complaint and, therefore, denies same.

<u>LMC's Contractual Obligations to Karma and the Endurance Project</u>

46.     In response to the allegations of paragraph 46 of the Complaint, admits only that LMC contacted Karma in or around February 2020 to discuss Karma's developing of an infotainment system for the Endurance; denies the remaining allegations of that paragraph.

47.     In response to the allegations of paragraph 47 of the Complaint, admits only that on February 7, 2020 the parties entered into the Mutual Non-Disclosure Agreement attached to the Complaint as Exhibit 3. Further answering, LMC states that the agreement speaks for itself; denies the remaining allegations of that paragraph.

48.     Denies the allegations of paragraph 48 of the Complaint.

49.     In response to the allegations of paragraph 49 of the Complaint, admits only that Mr. Durre was the project lead for Karma; denies the remaining allegations of that paragraph.

50.    In response to the allegations of paragraph 50 of the Complaint, admits only that a non-binding Letter of Intent was entered into in June 2020.  Further answering, LMC states that the Letter of Intent speaks for itself and objects to Karma's characterization or attempted characterization of that agreement; denies the remaining allegations of that paragraph.

51.    Denies the allegations of paragraph 51 of the Complaint.

52.    Denies the allegations of paragraph 52 of the Complaint.

53.    Denies the allegations of paragraph 53 of the Complaint.

<u>The Scheme to Steal Karma's Trade Secrets and Confidential Information and</u>
<u>Raid Karma's Employees</u>

54.    In response to the allegations of paragraph 54 of the Complaint, admits only that the Letter of Intent was terminated and that it sent the email and letter attached to the Complaint as Exhibit 4. Further responding, LMC states that the letter speaks for itself and objects to Karma's characterization or attempted characterization of that letter; denies the remaining allegations of that paragraph.

55.    Denies the allegations of paragraph 55 of the Complaint.

56.    Denies the allegations of paragraph 56 of the Complaint.

57.    Denies the allegations of paragraph 57 of the Complaint.

58.    In response to the allegations of paragraph 58 of the Complaint, states that it has no knowledge of the results of Karma's purported "forensic evidence;" denies the remaining allegations of that paragraph, including specifically that there was a scheme to misappropriate Karma's information..

59.    States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 59 of the Complaint and, therefore, denies same; specifically denies that Mr. Durre's activities, if any, pertaining to a search for office space prior to late summer of 2020 had anything to do with LMC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

60.     In response to the allegations of paragraph 60 of the Complaint, admits only that there were email communications between LMC and Mr. Durre that are attached to the Complaint; states that the email speaks for itself and objects to Karma's characterization or attempted characterization of the email; denies the remaining allegations of that paragraph.

61.     In response to the allegations of paragraph 61 of the Complaint, admits only that Mr. Post sent an email to Mr. Durre on July 30, 2020 with the subject of "Endurance Infotainment Systems Cost Savings Estimate: justify LMC Infotainment – West" and that, as of that date, LMC had no offices in California; states that the email speaks for itself and objects to Karma's characterization or attempted characterization of the email; denies the remaining allegations of that paragraph.

62.     Admits the allegations of paragraph 62 of the Complaint, but clarifies that Mr. Durre's title at LMC is Director, Infotainment and Connected Vehicle Engineering.

63.     In response to the allegations of paragraph 63 of the Complaint, admits only that the referenced emails were exchanged at LMC and that Mr. Post attempted to recall one email sent to Mr. Durre; denies the remaining allegations of that paragraph.

64.     In response to the allegations of paragraph 64 of the Complaint, admits only that it formally terminated the Letter of Intent on August 6, 2020; denies the remaining allegations of that paragraph that pertain to LMC and further states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that pertain to other defendants and, therefore, deny same.

65.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 65 of the Complaint and, therefore, denies same.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

66.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 66 of the Complaint and, therefore, denies same.

67.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 67 of the Complaint and, therefore, denies same.

68.     Denies the allegations of paragraph 68 of the Complaint to the extent they state or imply that Mr. Durre's access to Karma information after he was hired by LMC was at the behest of, for the benefit of, or in connection with his work at LMC; states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remining allegations of that paragraph and, therefore, denies same.

69.     In response to the allegations of paragraph 69 of the Complaint, denies that there was a scheme to hire Karma employees while they continued to work for Karma; states that the reminder of the allegations of that paragraph do not pertain to LMC and that LMC is without knowledge or information sufficient to form a belief as to their truth or falsity and, therefore, denies same. Further answering, LMC admits that there is an email attached to the Complaint as Exhibit 12, states that the email speaks for itself and objects to Karma's characterization or attempted characterization of that document.

70.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 70 of the Complaint and, therefore, denies same.

71.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 71 of the Complaint, none of which allegations relate to LMC, and, therefore, denies same.

72.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 72 of the Complaint, none of which allegations relate to LMC, and, therefore, denies same.

73.     Denies the allegations of paragraph 73 of the Complaint.

74.     Denies the allegations of paragraph 74 of the Complaint.

75.     Denies the allegations of paragraph 75 of the Complaint.

76.     In response to the allegations of paragraph 76 of the Complaint, denies that it took any files from Karma.   Further answering, states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of that paragraph, which relate to Karma's dealings with third parties.

## <u>COUNT I</u>

**(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq.*)**

**Against LMC and LMC Individual Defendants**

77.     For its response to paragraph 77 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 76, as if fully restated herein.

78.     The allegations of paragraph 78, at least in part, constitute a legal conclusion to which no response is required.   To the extent a response may be required, LMC denies same.   With regard to the remaining allegations of that paragraph, LMC states it is without knowledge or information sufficient to form a belief as to their truth or falsity and, therefore, denies.

79.     The allegations of paragraph 79, at least in part, constitute a legal conclusion to which no response is required.   To the extent a response may be required, LMC denies same.

80.     Denies the allegations of paragraph 80 of the Complaint.

81.     Denies the allegations of paragraph 81 of the Complaint.

82.     Denies the allegations of paragraph 82 of the Complaint.

83.     Denies the allegations of paragraph 83 of the Complaint.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

84.     Denies the allegations of paragraph 84 of the Complaint.

## COUNT II

**(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq.*)**

**Against Employee Defendants**

85.     For its response to paragraph 85 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 84, as if fully restated herein.

86.     The allegations of paragraph 86 of the Complaint (and all of Count II) do not refer to LMC.  Furthermore, the allegations of paragraph 86, at least in part, constitute a legal conclusion to which no response is required.  To the extent a response may be required, LMC denies same.  With regard to the remaining allegations of that paragraph, LMC states it is without knowledge or information sufficient to form a belief as to their truth or falsity and, therefore, denies same.

87.     The allegations of paragraph 87 of the Complaint (and all of Count II) do not refer to LMC, and thus do not require a response.  To the extent a response may be required, the allegations are denied.

88.     The allegations of paragraph 88 of the Complaint (and all of Count II) do not refer to LMC, and thus do not require a response.  To the extent a response may be required, the allegations are denied.

89.     The allegations of paragraph 89 of the Complaint (and all of Count II) do not refer to LMC, and thus do not require a response.  To the extent a response may be required, the allegations are denied.

90.     The allegations of paragraph 90 of the Complaint (and all of Count II) do not refer to LMC, and thus do not require a response.  To the extent a response may be required, the allegations are denied.

91.     The allegations of paragraph 91 of the Complaint (and all of Count II) do not refer to LMC, and thus do not require a response.  To the extent a response may be required, the allegations are denied.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### COUNT III

**(Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836)**

**Against All Defendants**

92.     For its response to paragraph 92 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 91, as if fully restated herein.

93.     The allegations of paragraph 93 of the Complaint, constitute a legal conclusion to which no response is required.  To the extent a response may be required, LMC denies same.

94.     Denies the allegations of paragraph 94 of the Complaint.

95.     States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 95 of the Complaint and, therefore, denies same.

96.     The allegations of paragraph 96 of the Complaint, constitute a legal conclusion to which no response is required.  To the extent a response may be required, LMC denies same

97.     Denies the allegations of paragraph 97 of the Complaint.

98.     Denies the allegations of paragraph 98 of the Complaint.

99.     Denies the allegations of paragraph 99 of the Complaint.

100.   Denies the allegations of paragraph 100 of the Complaint.

101.   Denies the allegations of paragraph 101 of the Complaint.

102.   Denies the allegations of paragraph 102 of the Complaint.

103.   Denies the allegations of paragraph 103 of the Complaint.

104.   Denies the allegations of paragraph 104 of the Complaint.

/ /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## COUNT IV

### (Misappropriation of Trade Secrets in Violation of the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426.1 *et seq.*)

### Against All Defendants

105.   For its response to paragraph 105 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 104, as if fully restated herein.

106.   The allegations of paragraph 106, at least in part, constitute a legal conclusion to which no response is required.  To the extent a response may be required, LMC denies same.  With regard to the remaining allegations of that paragraph, LMC states it is without knowledge or information sufficient to form a belief as to their truth or falsity and, therefore, denies same.

107.   Denies the allegations of paragraph 107 of the Complaint.

108.   Denies the allegations of paragraph 108 of the Complaint.

109.   Denies the allegations of paragraph 109 of the Complaint.

110.   Denies the allegations of paragraph 110 of the Complaint.

111.   Denies the allegations of paragraph 111 of the Complaint.

112.   Denies the allegations of paragraph 112 of the Complaint.

113.   Denies the allegations of paragraph 113 of the Complaint.

114.   Denies the allegations of paragraph 114 of the Complaint.

## COUNT V

### (Breach of Contract-Count I)

### Against Employee Defendants

115.   For its response to paragraph 115 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 114, as if fully restated herein.

116.   The allegations of paragraph 116 of the Complaint (and all of Count V) do not refer to LMC and, thus require no response.  To the extent that a response may be required, the allegations are denied for lack of knowledge.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

117.   The allegations of paragraph 117 of the Complaint (and all of Count V) do not refer to LMC and, thus require no response.  To the extent that a response may be required, the allegations are denied for lack of knowledge.

118.   The allegations of paragraph 118 constitute a legal conclusion to which no response is required.  Additionally, the allegations (and all of Count V) do not refer to LMC and, thus, no response is required. To the extent that a response may be required, the allegations are denied for lack of knowledge.

119.   The allegations of paragraph 119 of the Complaint (and all of Count V) do not refer to LMC and, thus require no response.  To the extent that a response may be required, the allegations are denied for lack of knowledge.

## COUNT VI

### (Breach of Contract-Count II)

### Against LMC

120.   For its response to paragraph 120 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 119, as if fully restated herein.

121.   Admits the allegations of paragraph 121 of the Complaint.

122.   States that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 122 of the Complaint and, therefore, denies same.

123.   The allegations of paragraph 123 constitute a legal conclusion to which no response is required.  To the extent that a response may be required, the allegations are denied.

124.   Denies the allegations of paragraph 124 of the Complaint.

125.   Denies the allegations of paragraph 125 of the Complaint.

126.   Denies the allegations of paragraph 126 of the Complaint.

127.   Denies the allegations of paragraph 127 of the Complaint.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## COUNT VII

### (Tortious Interference with Contract)

### Against LMC and LMC Individual Defendants

128.   For its response to paragraph 128 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 24, 31 through 76, and 115 through 127, as if fully restated herein.

129.   The allegations of paragraph 129 constitute a legal conclusion to which no response is required.  To the extent a response may be required, LMC denies same.

130.   Denies the allegations of paragraph 130 of the Complaint.

131.   Denies the allegations of paragraph 131 of the Complaint.

132.   Denies the allegations of paragraph 132 of the Complaint.

133.   Denies the allegations of paragraph 133 of the Complaint.

## COUNT VIII

### (Tortious Interference with Prospective Economic Advantage)

### Against Employee Defendants

134.   For its response to paragraph 134 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 24, 31 through 76, and 115 through 133, as if fully restated herein.

135.   Denies the allegations of paragraph 135 of the Complaint.

136.   The allegations of paragraph 136 of the Complaint (and all of Count VIII) do not refer to LMC and, thus require no response.  To the extent that a response may be required, the allegations are denied for lack of knowledge.

137.   The allegations of paragraph 137 of the Complaint (and all of Count VIII) do not refer to LMC and, thus require no response.  To the extent that a response may be required, the allegations are denied for lack of knowledge.

138.   The allegations of paragraph 138 of the Complaint (and all of Count VIII) do not refer to LMC and, thus require no response.  To the extent that a response may be required, the allegations are denied for lack of knowledge.

- 16 -

139.   The allegations of paragraph 139 of the Complaint (and all of Count VIII) do not refer to LMC and, thus require no response.  To the extent that a response may be required, the allegations are denied for lack of knowledge.

140.   The allegations of paragraph 140 of the Complaint (and all of Count VIII) do not refer to LMC and, thus require no response.  To the extent that a response may be required, the allegations are denied for lack of knowledge.

## COUNT IX

**(Unfair Competition in Violation of Cal. Business and Professions Code § 17200 *et seq.*)**

**Against All Defendants**

141.   For its response to paragraph 141 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 24, 31 through 76, and 115 through 140, as if fully restated herein.

142.   The allegations of paragraph 142 constitute a legal conclusion to which no response is required.  To the extent a response may be required, LMC denies same.

143.   The allegations of paragraph 143 constitute  legal conclusions to which no response is required.  To the extent a response may be required, LMC denies same.

144.   The allegations of paragraph 144 constitute a legal conclusion to which no response is required.  To the extent a response may be required, LMC denies same.

145.   Denies the allegations of paragraph 145 of the Complaint.

146.   Denies the allegations of paragraph 146 of the Complaint.

147.   Denies the allegations of paragraph 147 of the Complaint.

148.   Denies the allegations of paragraph 148 of the Complaint.

149.   Denies the allegations of paragraph 149 of the Complaint.

150.   Denies the allegations of paragraph 150 of the Complaint.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# COUNT X

## (Breach of Duty of Loyalty)

### Against Employee Defendants

151. For its response to paragraph 151 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 24, 31 through 76, and 128 through 150, as if fully restated herein.

152. The allegations of paragraph 152 constitute legal conclusions to which no response is required. To the extent a response may be required, LMC denies same.

153. The allegations of paragraph 153 constitute legal conclusions to which no response is required. To the extent a response may be required, LMC denies same.

154. The allegations of paragraph 154 of the Complaint (and all of Count X) do not refer to LMC and, thus require no response. To the extent that a response may be required, the allegations are denied for lack of knowledge, except to the extent that the allegation insinuate LMC was part of a conspiracy to sabotage Karma—that allegation is specifically denied.

155. The allegations of paragraph 155 of the Complaint (and all of Count X) do not refer to LMC and, thus require no response. To the extent that a response may be required, the allegations are denied for lack of knowledge.

156. The allegations of paragraph 156 of the Complaint (and all of Count X) do not refer to LMC and, thus require no response. To the extent that a response may be required, the allegations are denied for lack of knowledge.

157. The allegations of paragraph 157 of the Complaint (and all of Count X) do not refer to LMC and, thus require no response. To the extent that a response may be required, the allegations are denied for lack of knowledge.

/ /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**REQUEST FOR TEMPORARY RESTRAINING ORDER AND**
**PRELIMINARY INJUNCTION**

158.   For its response to paragraph 58 of the Complaint, LMC incorporates, the foregoing paragraphs 1 through 157, as if fully restated herein.

159.   Denies the allegations of paragraph 159 of the Complaint.

160.   The allegations of paragraph 160 constitute a legal conclusion to which no response is required.  To the extent a response may be required, LMC denies same.

161.   Denies the allegations of paragraph 161 of the Complaint.

162.   Denies the allegations of paragraph 162 of the Complaint.

163.   Denies the allegations of paragraph 163 of the Complaint.

164.   Denies the allegations of paragraph 164 of the Complaint.

165.   Denies each and every allegation of the Complaint not specifically admitted herein.

**PRAYER FOR RELIEF**

No response to the Complaint's prayer for relief is required or appropriate. To the extent a response is required, the allegations of the prayer for relief are denied.

**RESPONSE TO JURY DEMAND**

As its response to Plaintiff's Jury Demand, a jury trial is demanded on all claims so triable as a matter of law.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that it would otherwise not bear under applicable law, the following affirmative defenses are asserted.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Some or all of the Counts of the Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Unauthorized Use)

Karma's claims for violation of the Computer Fraud and Abuse Act (Counts I and II) fail because LMC never accessed any Karma computers, protected or otherwise. Any individuals who are alleged to have accessed Karma's computers while they were employed by LMC did not do so at the direction of, or as an agent of, LMC and did so without the knowledge, authorization, or direction of LMC.

## THIRD AFFIRMATIVE DEFENSE

### (No Evidence of Loss)

Karma's claim for violation of the Computer Fraud and Abuse Act fail (Counts I and II) because LMC's alleged conduct did not cause a "loss" to Karma of more than $5,000.

## FOURTH AFFIRMATIVE DEFENSE

### (Insufficient Particularity)

Karma's claims for misappropriation of trade secrets and confidential information (Counts III and IV) fail because the alleged secrets and information are not identified or described in the Complaint with sufficient particularity. The descriptions of the alleged trade secrets and confidential information are so vague and indefinite as to not be susceptible to interpretation or reasonable understanding. To the extent the descriptions of the alleged trade secrets are subject to any interpretation, the information allegedly misappropriated is neither a trade secret nor confidential because, among other reasons, the information lacks independent economic value, is generally known, and/or is readily ascertainable by proper means.

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

- 20 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## FIFTH AFFIRMATIVE DEFENSE

### (No Misappropriation)

Karma's claims for misappropriation of trade secrets and confidential information (Counts III and IV) fail because LMC has not acquired and is not using any Karma trade secrets or confidential information in connection with the Endurance infotainment system.

## SIXTH AFFIRMATIVE DEFENSE

### (No Improper Means)

Karma's claims for misappropriation of trade secrets or confidential information (Counts III and IV) fail because none of Karma's trade secrets or confidential information was: (i) acquired by improper means; (ii) derived from or through a person who had used improper means to acquire the trade secret; (iii) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or (iv) derived from or through a person who owed a duty to maintain the secrecy or limit the use of the trade secret or confidential information.

## SEVENTH AFFIRMATIVE DEFENSE

### (Independent Development)

Karma's claims for misappropriation of trade secrets or confidential information (Counts III and IV) fail because LMC independently developed all information associated with the Endurance infotainment system.  LMC is not using any alleged Karma trade secrets or confidential information in the Endurance infotainment system, and the limited and nonproprietary work performed by Karma pursuant to the parties' Letter of Intent did not constitute a trade secret.

/ /

## EIGHTH AFFIRMATIVE DEFENSE

### (No Damages)

Karma's claims for misappropriation of trade secrets and confidential information (Counts III and IV) fail for lack of any readily ascertainable or non-speculative damages.

## NINTH AFFIRMATIVE DEFENSE

### (Preemption)

Karma's claims for tortious interference with contract, tortious interference with prospective economic advantage, unfair competition, and breach of the duty of loyalty (Counts VII, VIII, IX, and X) are preempted in whole or in part by the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 et seq., because they are based on the same nucleus of facts as Karma's trade secrets claims. Karma cannot avoid CUTSA preemption of these claims by simply omitting, or attempting to exclude, the allegations in its Complaint pertaining to its trade secrets claims under the same common nucleus of facts.

## TENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

Some or all of the Counts of the Complaint fail because Karma's alleged damages, if any, were not proximately caused by the actions of any of the Defendants, but rather, were the result of Karma's own actions and other intervening and superseding causes.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Inability and/or Lack of Intent to Perform)

Some or all of Karma's claims fail because, at least by the late summer 2020, Karma had laid off, furloughed, terminated, or reassigned to other job responsibilities the majority of its engineering personnel, including all of the persons that were at one time assigned to Karma's infotainment team. In fact, several months prior to the initiation of this litigation and during most of the time that Karma alleges it was

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

developing the Endurance infotainment system, Karma had disbanded its infotainment team and was not developing or able to develop the Endurance infotainment system. On information and belief, Karma had neither the intent nor the ability to undertake the work contemplated by the Letter of Intent, much less compete with LMC or anyone else in the infotainment market sector. Karma cannot recover damages for a hypothetical business opportunity it had no intention or capability of pursuing.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Breach Induced)

Karma's claims for tortious interference with contract fails (Count VII) because LMC's alleged conduct was privileged and was not intended to, and did not in fact, induce a breach or disruption of any Karma employee's contractual relationship with Karma. More specifically, Karma employees were, by law, "employees at will" who were free to leave at any time. To the extent that such employees had been laid off, terminated or furloughed by Karma prior to their being hired by LMC, Karma has no claim.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Competition Privilege/Justification)

Karma's claim for unfair competition (Count IX) fails in whole or in part because LMC's alleged "raiding" of former Karma personnel constituted lawful competition or was otherwise justified. LMC did not engage in any "corporate raiding." Rather, by the late summer of 2020, Karma had laid off, furloughed, terminated, or reassigned to other job responsibilities the majority of its engineering personnel, including all of the persons that were at one time assigned to Karma's infotainment team. Several months prior to the initiation of this litigation and during most of the time that Karma alleges it was developing the Endurance infotainment system, Karma had disbanded its infotainment team and was not developing or able to develop the Endurance infotainment system. On information and belief, Karma

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

- 23 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

had neither the intent nor the ability to undertake the work contemplated by the Letter of Intent.  Moreover, the former Karma employees ultimately hired by LMC were fearful for their jobs at Karma due to ongoing mass layoffs and were thus already searching for other employment opportunities independent of LMC, with the intention of leaving Karma once another opportunity was available.  LMC is not, as a matter of law, prohibited from offering employment to these individuals who decided to leave Karma on their own, or who had already been laid off, terminated or furloughed by Karma.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unlawful Restraint of Employment and Trade)

Karma's claim against LMC for unfair competition (Count IX) fails because Karma's interpretation of its employee contracts to restrain employee mobility is unlawful.  Moreover, Karma's attempt to prevent its former employees from working for LMC pursuant to Karma's reliance on the Confidential Information, Arbitration and Invention Agreement violates California Business and Professions Code § 16600.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Waiver and/or Estoppel)

Karma's claims fail under the doctrines of waiver and/or estoppel.  By the late summer of 2020, Karma had laid off, furloughed, terminated, or reassigned to other job responsibilities the majority of its engineering personnel, including all of the persons that were at one time assigned to Karma's infotainment team.  Several months prior to the initiation of this litigation and during most of the time that Karma alleges it was developing the Endurance infotainment system, Karma had disbanded its infotainment team and was not developing or able to develop the Endurance infotainment system.  On information and belief, Karma had neither the intent nor the ability to undertake the work contemplated by the Letter of Intent.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Karma's claims are barred in whole or in part because they were filed in bad faith and/or motived by improper purpose(s) and constitute a wrongful action.  By the time LMC terminated the relationship, Karma was in no position to deliver the infotainment system for the Endurance in accordance with the timeline or pricing envisioned by the parties when they entered into the Non-Binding Letter of Intent. Karma had laid off, terminated, furloughed, or reassigned to other responsibilities, the majority of its engineering personnel, including all of the persons that were at one time assigned to its infotainment team.  As such, Karma was unable to perform the work envisioned by the parties' Letter of Intent and, in fact, was not diligently prosecuting the work, and never committed sufficient resources to the task of doing so.  Karma is fully aware of the fact that none of its alleged trade secret or confidential information is being used or can be used by LMC in the development of the Endurance infotainment system.  Karma is also well aware of the fact that its own work on developing that system never progressed past the point of generic schematics that contained no trade secret, confidential, or proprietary information. The filing of this action was motivated by the desire to punish LMC and Karma's former employees by subjecting them to the burden, expense, and embarrassment of litigation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Karma's claims against LMC are barred in whole or in part by the doctrine of unclean hands. By the time LMC terminated the relationship, Karma was in no position to deliver the infotainment system for the Endurance in accordance with the timeline or pricing envisioned by the parties when they entered into the Non-Binding Letter of Intent.  Karma had laid off, terminated, furloughed, or reassigned to other responsibilities the majority of its engineering personnel, including all of the persons

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

that were at one time assigned to its infotainment team.  As such, Karma was unable to perform the work envisioned by the parties' letter of intent and, in fact, was not diligently prosecuting the work, and never committed sufficient resources to the task of doing so.  Karma is fully aware of the fact that none of its alleged trade secret or confidential information is being used or can be used by LMC in the development of the Endurance infotainment system.  Karma is also well aware of the fact that its own work on developing that system never progressed past the point of generic schematics that contained no trade secret, confidential, or proprietary information. The filing of this action was motivated by the desire to punish LMC and Karma's former employees by subjecting them to the burden, expense, and embarrassment of litigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Karma's claims are barred in whole or in part because Karma would be unjustly enriched if permitted to recover any damages.  Karma never performed any substantive work under the Letter of Intent, nor was it capable of doing so because it had reassigned, laid off, or furloughed its entire infotainment team.  As such, Karma had no ability to complete the work or to compete in the market for the design and manufacture of infotainment systems for third parties—a market in which Karma has never competed.  It would thus be inequitable for Karma to recover damages for work it never performed and was not capable of performing, or to obtain alleged lost profits that are highly speculative and totally improbable.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Karma's claim for injunctive relief fails because Karma cannot establish the elements for such relief.  More specifically, any alleged injury to Karma is not immediate or irreparable, and Plaintiff—if entitled to relief—has an adequate remedy at law.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## **<u>TWENTIETH AFFIRMATIVE DEFENSE</u>**

2

### **(No Personal Jurisdiction)**

3      This Court lacks personal jurisdiction over one or more of the LMC Individual

4  Defendants and Employee Defendants.

5

6

## **<u>RESERVATION OF RIGHTS</u>**

7      LMC reserves the right to raise additional defenses and/or claims not asserted

8  herein, which it may become aware of through discovery or other investigation, and

9  will amend or modify its answer accordingly.  LMC further reserves the right to

10  withdraw defenses that it determines are not applicable during the course of discovery

11  and other proceedings in this action.

12

13      Dated:  December 23, 2020          **BAKER & HOSTETLER LLP**

14

15                                                    By:    */s/ Ryan D. Fischbach*

16                                                           Thomas R. Lucchesi (*Pro Hac Vice*)
                                                           Terry M. Brennan (*Pro Hac Vice*)

17                                                           Anthony D. Ponikvar (*Pro Hac Vice*)
                                                           Ryan D. Fischbach (SBN 204406)

18                                                           William D. Oxley (SBN 136793)

19                                                           *Attorneys for Defendants*
                                                           LORDSTOWN MOTORS CORP., STEVE

20                                                           BURNS, JOHN LAFLEUR, DARREN POST,
                                                           RICH SCHMIDT, ROGER J. DURRE, and

21                                                           HONG XIN HUAN (A.K.A. "GEORGE"
                                                           HUAN).

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
CASE NO.: 8:20-CV-02104-JVS-DFM