ROBERT B. MILLIGAN, SBN 217348
rmilligan@seyfarth.com
DANIEL JOSHUA SALINAS, SBN 282065
jsalinas@seyfarth.com
SIERRA J. CHINN-LIU, SBN 322994
schinnliu@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

MICHAEL D. WEXLER (*admitted pro hac vice*)
mwexler@seyfarth.com
KEVIN J. MAHONEY (*admitted pro hac vice*)
kmahoney@seyfarth.com
KATELYN R. MILLER (*admitted pro hac vice*)
krmiller@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

JESSE M. COLEMAN (*admitted pro hac vice*)
jmcoleman@seyfarth.com
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

*Attorneys for Plaintiff*
Karma Automotive LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMA AUTOMOTIVE LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LORDSTOWN MOTORS CORP., an Ohio corporation; STEVE BURNS, an individual, JOHN LEFLEUR, an individual, DARREN POST, an individual, RICH SCHMIDT, an individual, ROGER J. DURRE, an individual, HONG XIN | Case No. 8:20-cv-02104-JVS-DFM<br><br>**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  May 17, 2021<br>Time:  1:30 p.m. |

| | |
|---|---|
| HUAN (A.K.A "GEORGE" HUAN), an individual, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Crtrm: 10C<br>Judge: Hon. James V. Selna<br><br>[Declaration of Jesse M. Coleman; [Proposed] First Amended Complaint; and [Proposed] Order]<br><br>Date Action Filed: October 30, 2020 |

# NOTICE OF MOTION AND MOTION

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 17, 2021, at 1:30 p.m., or as soon thereafter as the parties may be heard by the Honorable James V. Selna, Plaintiff Karma Automotive LLC ("Karma") will and hereby does move under Federal Rule of Civil Procedure 15(a)(2) for leave to file a First Amended Complaint to assert additional causes of action and add as Defendants former Karma employees Bei Qin ("Qin"), Stephen Punak ("Punak") and Punak Engineering, Inc. (PEI), Christopher Kim ("Kim"), and Dan Zhihong Huang ("Huang").

As set forth in the below accompanying memorandum, leave to amend is to be freely granted when justice requires, as the law favors adjudication of claims on their merits. Karma satisfies all four factors relevant to whether leave to amend should be granted, as (1) the proposed amendment will not prejudice Defendants, who do not oppose the instant Motion; (2) Karma has not unduly delayed in seeking leave to file the First Amended Complaint; (3) amendment is sought in good faith and without dilatory motive; and (4) the proposed amendment is not futile.

This Motion is based on this Notice, the below Memorandum of Points of Authorities, the Declaration of Jesse M. Coleman, the pleadings and papers on file in this action, all matters of which this Court may take judicial notice, oral argument of counsel presented at any hearing scheduled by the Court, and any other matters presented to the Court in connection with this Motion. A proposed order has been lodged herewith.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place via Zoom videoconferencing on March 26, 2021. As set forth in the Coleman Declaration, Defendants consent to leave to amend being granted and do not oppose this Motion.

WHEREFORE, Karma respectfully requests that the Court grant it leave to amend its Complaint to include the causes of action and parties as aforesaid and for such other and further relief as the Court deems just.

DATED: April 16, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Sierra J. Chinn-Liu*
Sierra J. Chinn-Liu
Attorneys for Plaintiff
Karma Automotive LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Karma respectfully requests leave to file its First Amended Complaint in this complex matter involving, *inter alia*, Defendants' concerted misappropriation of Karma trade secrets to unlawfully benefit the business of Defendant Lordstown Motor Corp. (LMC). (*See* Compl. for Temporary and Preliminary Injunctive Relief and Damages ("Complaint") (Doc. No. 1)). Discovery conducted to date and Karma's ongoing investigation have revealed facts supporting the additional causes of action Karma seeks to assert and the inclusion of Qin, Punak, PEI,[1] Kim, and Huang as Defendants. A "redline" copy of Karma's proposed First Amended Complaint is attached as Exhibit A.

Karma, then represented by Fisher & Phillips LLP ("Fisher & Phillips"), filed its Complaint on October 30, 2020. (Doc. No. 1). Also on October 30, 2020, Karma filed an *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause ("TRO Application") (Doc. No. 1-10)). Upon consideration of the TRO Application, this Court ordered expedited discovery. (Order (Doc. No. 25) at 9-10). This Court also permitted forensic inspection of certain of the individual Defendants' electronic and memory-storage devices. (*Id.*). To date, considerable discovery has been conducted, including the exchange of tens of thousands of documents. (Decl. of Jesse Coleman, attached as Exhibit B, ¶ 3). As of late-February 2021, the depositions of Karma's forensics expert, five Karma employees, and Defendants Roger J. Durre, Hong Xin Huan, and Darren Post have proceeded. (*Id.*).

On February 4, 2021, this Court entered a Scheduling Order, setting March 27, 2021 as the last day to amend pleadings or add parties. (Doc. No. 51). On March 10, 2021, Seyfarth Shaw LLP ("Seyfarth") was retained by Karma to serve as counsel in lieu of Fisher & Phillips, and Seyfarth entered its appearance on March 17, 2021. (Doc. No.

---

[1] PEI is wholly-owned by Punak. Punak, through PEI, provided engineering services to Karma as an independent contractor. (Ex. A ¶ 53).

53). On March 22, 2021, this Court granted Karma's *ex parte* application, extending the deadline to amend pleadings or add parties to April 16, 2021. (Doc. No. 62).

The documents produced by Defendants, electronic inspections, and deposition testimony have further uncovered the extent and degree Defendants' unlawful conduct. Additionally, Karma's ongoing investigation revealed the involvement of Qin, Punak, Kim, and Huang (all now LMC employees) in LMC's campaign to steal Karma's confidential information and trade secrets. As such, Karma now seeks leave of court to file a First Amended Complaint asserting additional claims based on this evidence and adding Qin, Punak (and PEI), Kim, and Huang as Defendants.

The relief requested by Karma is appropriate. As the Ninth Circuit instructs, requests for leave to amend should be granted with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). None of the factors weighing against amendment—"undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party"—are present. *U.S. v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). There is still ample time to conduct discovery, which is not set to close until November 2, 2021. (*See* Scheduling Order (Doc. No. 51)). Karma brings the instant Motion on the heels of expedited discovery, which involved the exchange of highly revelatory documents and a host of critical depositions.

Moreover, Karma timely seeks leave to file an amended Complaint, as the deadline to do so is currently April 16, 2021.[2] Karma has not previously requested leave to file an amended Complaint, and the relief sought herein will ensure that Karma is afforded the opportunity to test its well-founded claims on their merits. Accordingly, leave to amend should be granted.

---

[2] *See Burrito Labs, Inc. v. Sickday, LLC*, No. 15-2382, 2016 WL 11499659, at *2 (C.D. Cal. Apr. 29, 2016) (granting Rule 15(a) motion for leave to file pleading, where such motion was filed on "the deadline for amendment of pleadings"); *see also Sloan v. Gen. Motors LLC*, No. 16-7244, 2019 WL 2775631, at *1 (N.D. Cal. July 2, 2019) (same where motion was filed "the same day" as "amendment of pleadings" deadline).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading by leave of court and that "[t]he court should freely give leave when justice so requires." Rule 15's policy favoring amendments to pleadings "is to be applied with extreme liberality." *Eminence Capital*, 316 F.3d at 1051; *Advanced Cardiovascular Sys. v. SciMed Life Sys.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997) ("[T]he court must be very liberal in granting leave to amend."). The objective of Rule 15(a) is to allow a plaintiff the "opportunity to test his claim on the merits," which should not be precluded based on mere technicalities. *Foman v. Davis*, 371 U.S. 178, 181-82 (1962).

The Ninth Circuit considers "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *Webb*, 655 F.2d at 980. In analyzing these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052 (emphasis in original). When considering a motion for leave to amend, a court must carry out its analysis "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, none of the above factors are present, and granting Karma leave to file its First Amended Complaint is appropriate.

## III. ARGUMENT

### A. Amendment Will Not Prejudice Defendants.

Karma's proposed amendment will work no prejudice. "Prejudice must be *substantial* to justify denial of leave to amend." *Hunting v. Xium Corp.*, No. 10-1844, 2012 WL 913733, at *3 (E.D. Cal. Mar. 16, 2012) (emphasis added). Defendants, as nonmovants, ordinarily bear the burden of demonstrating prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.). Importantly, Defendants have confirmed that

they do not oppose Karma's request for leave to file its First Amended Complaint, eliminating any concerns of prejudice. (Coleman Decl. ¶ 8).

Further, fact discovery is not scheduled to close until November 2, 2021, and the trial date is not until April 2022. (*See* Scheduling Order (Doc. No. 51) ¶¶ 2, 12). Defendants will have more than six months to conduct discovery on Karma's new claims, allowing them more than ample opportunity to do so. *See Burrito Labs*, 2016 WL 11499659, at *3 (noting that because motion was within deadline to amend pleadings, nonmovant "ha[d] ample time to conduct discovery," vitiating claim of prejudice); *Orient Fisheries, Inc. v. Nat'l Union Fire Ins. Co.*, No. 07-3945, 2009 WL 10673463, at *2 (C.D. Cal. Feb. 17, 2009) (finding no prejudice under Rule 15 and 16 inquiries where nonmovant "ha[d] over two months to conduct additional discovery"). Because this "traditional form" of prejudice—insufficient time to conduct discovery—is plainly absent, Karma should be permitted leave to file its First Amended Complaint. *Folz v. Union Pac. R.R. Co.*, No. 13-579, 2014 WL 12638889, at *2 (S.D. Cal. May 28, 2014).

Moreover, while Karma's proposed amendment adds new causes of action, each is premised on Defendants' misappropriation of Karma's trade secrets to unfairly compete with Karma and breaches of contractual and common-law duties owed to Karma— allegations that Karma has asserted since the inception of this litigation. That is, Karma's new claims rely principally on a set of facts *already* pleaded and do not "greatly alter the nature of the litigation." *Burrito Labs*, 2016 WL 11499659, at *3.

Similarly, Qin, Punak, Kim, and Huang are all employees of Defendant LMC, whose counsel has already been defending against substantially similar claims against Defendants Durre and Huan, both Karma employees who defected to LMC. At base, there are no new claims in the First Amended Complaint that would require Defendants to undertake a wholly new defense or completely alter their strategy. Even assuming Defendants require additional or different discovery, this does not establish prejudice sufficient to surmount Rule 15(a)'s "extreme liberality" standard. "Neither delay

4

resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party itself constitutes a sufficient showing of prejudice." *Sloan*, No. 2019 WL 2775631, at *2.

Given the absence of prejudice, the touchstone of a Rule 15(a) analysis, a presumption exists in allowing leave to amend, and Karma's motion for leave should be granted.

### B. No Undue Delay Exists.

There is no evidence of undue delay to shift the presumption favoring Karma's leave to amend. Karma and its counsel have shown diligence in seeking the relief requested herein. As noted, Seyfarth was only retained in this matter on March 10, 2021. (Coleman Decl. ¶ 2). Karma's proposed First Amended Complaint is informed by evidence revealed during the course of expedited discovery, including nine witness depositions, the last of which proceeded on February 26, 2021. (*Id.* ¶ 3).

Since the conclusion of depositions in late-February and Seyfarth's very recent engagement in this case, Karma has diligently analyzed discovery materials and has brought the instant Motion as soon as practicable. Only after this discovery and Seyfarth's review of the same did the extent and degree of Defendants' unlawful conduct—and the nature of Qin, Punak, Kim, and Huang's participation—confirm the need to file a First Amended Complaint. *See Webspectator Corp. v. Parreira*, No. 17-3921, 2017 WL 10059269, at *2 (C.D. Cal. Oct. 31, 2017) (granting motion for leave where plaintiff, since filing its original complaint, "unraveled the activities" of the defendants and their unlawful "scheme"); *Orient Fisheries*, 2009 WL 10673463, at *2 (finding no undue delay where possibility of claim did not become apparent until

discovery of additional materials). Accordingly, there is no question that Karma has been diligent and has not unduly delayed in seeking the requested amendment.[3]

This is not a case of missed opportunity: Karma has not previously amended its Complaint or requested leave to do so. *See Banco de Mexico v. Orient Fisheries, Inc.*, No. 07-7043, 2007 WL 10674332, at *2 (C.D. Cal. Apr. 2, 2009) (prior amendment of pleadings may also be considered in Rule 15(a) inquiry). Karma moved for leave to amend—for the first time—as soon as reasonably possible, warranting the relief requested herein.

### C. Karma's Request for Amendments Is Made In Good Faith.

Karma's request to file a First Amended Complaint is made in good faith and without dilatory motive. As made apparent by the proposed allegations themselves, Karma has a good-faith basis upon which to assert new causes of actions and add Qin, Punak, Kim, and Huang as Defendants. These allegations include detailed descriptions of the misconduct establishing Karma's new claims. Notably, Karma does not seek an extension of the Court's Scheduling Order on account of its new causes of action. *See Griggs*, 170 F.3d at 881 (bad faith exists where plaintiff merely seeks to prolong litigation by adding new but baseless legal theories). As such, this factor does not alter the presumption of granting leave to amend.

### D. The Proposed Amendments Are Not Futile.

An amendment is futile only "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Karma alleges more than adequate facts in its First Amended Complaint that, if and when proven, establish the additional causes of action it seeks to assert. These discrete claims, all supported by substantial

---

[3] In any event, even if some delay is present here (which it is not), undue delay standing alone is insufficient to justify denying leave to amend. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001).

factual detail, are by no means "patently frivolous" or merely duplicative of the claims in the original Complaint. *Hunting*, 2012 WL 913733, at *2. Case law makes clear that Karma should be granted leave to file its First Amended Complaint "unless it appears beyond doubt" that its new causes of action are unsustainable. *DCD Programs*, 833 F.2d at 188. This is clearly not such a circumstance, and the futility factor, like the others, does not weigh against amendment. Consistent with Rule 15's "generous" standard for granting leave to amend, the relief requested by Karma is warranted. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988).

## IV. CONCLUSION

For the reasons set forth above, Karma requests that the Court grant its Motion for Leave to File Its First Amended Complaint.

DATED: April 16, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Sierra J. Chinn-Liu*
Sierra J. Chinn-Liu
Attorneys for Plaintiff
Karma Automotive LLC