UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 20-02104-JVS (DFMx) | Date: | June 16, 2021 |
|---|---|---|---|
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Granting Karma's Motion to Compel (Dkt. 82)

In February 2021, Plaintiff Karma Automotive LLC ("Karma") requested the return of a Karma document produced and used by Defendant Lordstown Motors Corp. ("LMC") in discovery. Unable to reach a resolution, the parties initiated the Court's informal discovery dispute process and after conferring with the Court the parties agreed on a briefing schedule. On May 14, Karma filed its "Motion to Compel the Return of Privileged Document." See Dkt. 82 ("Motion"). On May 28, LMC filed its opposition. See Dkt. 85 ("Opp'n"). On June 4, Karma filed its reply. See Dkt. 90 ("Reply"). On June 8, the Court held a telephonic hearing with the parties and issued an oral tentative. See Dkt. 103.

After considering the arguments of the parties and reviewing the document in camera, the Court now GRANTS the Motion for the reasons set forth below. The parties are encouraged to read the order carefully as the final version may differ from the oral tentative.

A. Background[1]

In 2019, Karma retained outside counsel to provide legal advice. Outside counsel, in turn, retained a consultant to conduct a financial analysis. The analysis was sent to several Karma executives and inadvertently sent to then-Karma engineer Roozebh Hamidzad. After being informed of the mistake, Hamidzad deleted the email and neither sent nor retained the analysis on his Karma computer. Hamidzad did, however, take screenshots that he shared with another Karma employee, Srini Gowda, who shared them with Joe Durre. Durre, who later left Karma for

---

[1] The Court summarizes this dispute at a high level of generality to avoid revealing confidential information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

LMC, uploaded the screenshots to Microsoft OneNote by taking additional screengrabs of the substantive portions of the documents. In December 2020, LLC produced the screenshot, now marked as "Exhibit 133," after it was collected from Durre as an ESI custodian. Karma became aware of Exhibit 133 a few months later when it was introduced at the deposition of Mikael Elley. Karma objected and tried to claw the document back.

Karma now seeks an order requiring LMC to identify and destroy all copies of the document and refrain from using it for any purpose. See Motion at 15. Karma also asks the Court to strike from relevant deposition transcripts any testimony or reference to the document or the information contained within. See id. LMC responds that the document is not privileged, and, even if it is, any privilege was waived. See generally Opp'n.

    B.  The Document is Privileged[2]

The attorney-client privilege protects from discovery "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011). The privilege extends to "communications with third parties who have been engaged to assist the attorney in providing legal advice." Id. But if the advice sought from the professional legal advisor is not legal advice, the privilege does not apply. See id.

Here, the document was prepared by a consulting firm engaged by Karma's outside counsel in order to inform Karma's legal strategy. The attorney-client relationship between Karma and outside counsel was clearly established at that time, so the consultant was outside counsel's agent for the purpose of rendering legal advice to Karma. The consultant was necessary for counsel to effectively communicate to Karma regarding various options. Indeed, contrary to LMC's claim that the analysis was "merely a financial report," Opp'n at 8, the document includes a section entitled "Open Points for Counsel," which sets out for consideration various legal issues. The full analysis was eventually sent to Karma's General Counsel and used in discussions between outside counsel and Karma executives. The use of the consultant, then, did not merely improve outside counsel's ability to represent Karma, but rather served a "specialized purpose in facilitating the attorney-client communications." Cohen v. Trump, 2015 WL 3617124, at *14 (S.D. Cal. June 9, 2015) (citing Cavallaro v. United States, 284 F.3d 236, 249 (1st Cir. 2002)). Accordingly, the Court finds that the document is protected by the attorney-client privilege. See Olen Properties

---

[2] Although the parties cite both state and federal law, the latter applies in this federal question case. See Agster v. Maricopa Cty., 422 F.3d 836, 839 (9th Cir. 2005) ("Where there are federal question claims and pendent state law claims present, the federal law of privilege applies."); Wilcox v. Arpaio, 753 F.3d 872, 876 (9th Cir. 2014) ("Where, as here, the same evidence relates to both federal and state law claims, . . . federal privilege law governs.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Corp. v. Sheldahl, Inc., 1994 WL 212135, at *1 (C.D. Cal. Apr. 12, 1994) (finding audits prepared by consultant were "for the purpose of securing an opinion of law" and thus privileged); In re Morning Song Bird Food Litig., 2015 WL 12791473, at *3-*6 (S.D. Cal. July 17, 2015) (finding documents created by consultant and used by attorney for legal advice were privileged).

      C. The Document is Probably Work-Product

Although unnecessary to reach the issue, the Court also finds that the document probably deserves work-product protection. "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" Richey, 632 F.3d at 568.

LMC contends that the work-product doctrine does not apply because the document was created in anticipation of unrelated litigation that has either terminated or never occurred. See Opp'n at 11-12. In support, LMC cites three out-of-circuit district court cases but nothing from the Ninth Circuit, which does not appear to have ruled on this issue.[3] But as noted by the Tenth Circuit, "every circuit to address the issue has concluded that, at least to some degree, the work product doctrine does extend to subsequent litigation." Frontier Refining, Inc. v. Gorman-Rupp Co., 136 F.3d 695, 703 (10th Cir. 1998) (citing dicta from the Supreme Court's decision of FTC v. Grolier Inc., 462 U.S. 19, 25 (1983) and decisions from the Second, Third, Fourth, Fifth, Sixth, and Eighth circuits). Without explicit Ninth Circuit guidance on this issue, the Court will not bar Karma from invoking Rule 26(b)(3) on this basis.

LMC also argues that Karma fails to meet the "anticipation of litigation" factor because it "never seriously contemplated" litigation. Opp'n at 12. In applying this factor, courts distinguish between "single purpose" and "dual purpose" documents. Single-purpose documents are created "exclusively in anticipation of litigation" and are "clearly . . . afforded protection under Rule 26(b)(3)." In re Grand Jury Subpoena, Mark Torf/Envtl. Mgmt., 357 F.3d 900, 907 (9th Cir. 2004) (citation omitted). Dual-purpose documents are afforded protection "when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." Id. at 908 (citation omitted). Here, the Court would afford the document work-product protection under either standard. Karma persuasively explains that outside counsel was retained for the express purpose of advising on potential litigation, and the consulting firm was in turn engaged to prepare an

---

[3] The Ninth Circuit has held that work product protection cannot be asserted by non-parties to the underlying action for which the information is sought. See In re California Public Utilities Com'n, 892 F.2d 778 (9th Cir. 1989) ("[Rule 26(b)(3)], on its face, limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought."). That decision does not control here because Karma is a party to both actions.

analysis in furtherance of that purpose. That litigation ultimately did not materialize is not dispositive.

Finally, the Court disagrees with LMC that it has a substantial need and an inability to procure equivalent information without undue hardship. It is not clear to the Court how the information underlying the document is relevant to a trade secrets claim. More importantly, the Court is not convinced that LMC cannot gain access to the factual information it seeks from other sources or by other means, such as interrogatories and depositions. In fact, LMC includes in its Opposition various news articles that describe and provide factual support for the event in question in a substantially similar way to the subject document. Additionally, the Court has modified Karma's scope of relief such that LMC need not rely on the privileged portions of the document.

### D. No Waiver Occurred

The disclosure of a privileged document normally operates as a waiver unless three conditions are satisfied: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Evid. 502(b). Karma, the disclosing party, has the burden of proving each element has been met.

Karma has provided evidence that the disclosure of the document was inadvertent. See Khaf Decl. ¶ 10. Counsel further explains the efforts Karma engaged in to prevent the inadvertent disclosure, including having the sender recall the email and instructing Hamidzad to delete it, which he did. See id. ¶¶ 19-20. Although Karma perhaps could have done more, such as asking Hamidzad not to make copies or take screenshots, the steps it took were reasonably designed to prevent disclosure. And Karma took prompt steps to rectify the error, with counsel objecting on the record at Elley's deposition and requesting that LMC's destroy and refrain from further use of the document. This is sufficient.

### E. Conclusion and Scope of Relief

Because the document is privileged and no waiver occurred, Karma's Motion is GRANTED. But as expressed during the telephonic hearing, the Court has concerns about the scope of Karma's relief, including striking any testimony or reference to the document. On this point, the Court agrees with LMC that information such as the identities or lawyers providing advice and the general purpose of the legal work performed is not privileged. See Opp'n at 5-6. Nor is the entire world of factual information that may relate to the subject matter of the document. With that in mind, the Court modifies Karma's relief as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

- LMC shall identify and destroy all copies or partial copies of Exhibit 133 and/or the analysis in their possession, their counsel's possession, and/or in any vendor's possession;

- LMC shall refrain from using or referencing any parts of Exhibit 133 and/or the analysis that are protected by the attorney-client privilege and/or work-product doctrine; and

- The court reporter shall strike lines 143:10-14 and 144:6-17 from Robert Durre's January 29, 2021 deposition transcript, lines 303:23-305:2, 305:23-307:19, 308:6-20, 309:13-19, 310:19-312:10, 313:12-315:3, and 322:20-323:11 from Mikael Elley's February 18, 2021 deposition transcript, and to destroy any copies the reporters have of Exhibit 133.