UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02104-JVS-DFMx | Date | July 13, 2021 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion For Sanctions**

Defendant Lordstown Motors Corporation ("Lordstown") moved for sanctions against Plaintiff Karma Automotive LLC ("Karma")[1]. Dkt. No. 112. Karma opposed the motion. Dkt. No. 122. Lordstown then replied. Dkt. No. 125.

For the following reasons, the Court **DENIES** the motion. The Court also VACATES the July 26, 2021 hearing.

## I. Background

The dispute relates generally to the alleged theft of trade secret information. See generally, Dkt. No. 72. The Court summarizes the series of events leading to the filing of the instant motion below.

On Sunday, April 4, 2021, Stephen Punak received a call from Stefan Gudmundsson, Karma's Chief Information Officer. Punak Decl. ¶ 3. Punak had previously worked as a contractor for Karma. Id. ¶ 4.

According to Punak, Gudmundsson told him that he wanted to talk about Karma's pending litigation against Lordstown. Id. ¶ 8. Gudmundsson allegedly told Punak during that time that Karma had engaged new counsel and was going to amend its complaint, and that once it did, "things were going to get bad" for Lordstown. Id. ¶¶ 9-10.

---

[1] Individual Defendants Steve Burns, John Lefleur, Darren Post, Rich Schmidt, Roger J. Durre, Hong Xin Huan, Stephen Punak, Christopher Kim, Dan Zhihong Huang, and Punak Engineer, Inc., also join in the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02104-JVS-DFMx | Date | July 13, 2021 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al | | |

Gudmundsson contests that he brought up anything specific concerning the litigation. Gudmundsson Decl. ¶ 6. Punak then met with Gudmundsson that day. Punak Decl. ¶¶ 11-12.

During that meeting, Gudmundsson allegedly told Punak that Karma's new counsel was "coming after everyone," that the evidence against Lordstown was "airtight" and so "rock solid" that people were lining up to take Lordstown "down." Id. ¶¶ 16-17. Gudmundsson allegedly wanted Punak to "work for Karma to let [Karma] know what is going on inside [Lordstown]," essentially asking him to spy and report back to Karma. Id. ¶¶ 18-20. Punak declined the offer. Id. ¶ 21. Gudmundsson contests Punak's story, noting that he merely request Punak to tell the Court and the parties of his role in the alleged misappropriation of Karma's trade secrets. Gudmundsson Decl. ¶ 10. Gudmundsson states that he never asked Punak to spy on Lordstown for Karma. Id. ¶¶ 11-12.

## II. Legal Standard

The Court may impose sanctions under its inherent authority for "willful disobedience of a court order or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)) (cleaned up).[2] "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. at 994. "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (citation omitted).

## III. Discussion

---

[2] There are three bases on which a Court may levy sanctions: "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). However, only the third applies here, as Lordstown correctly notes. See Dkt. No. 125 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02104-JVS-DFMx | Date | July 13, 2021 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al | | |

      Lordstown argues that the aforementioned threats and actions constitute extortion and witness tampering.  Dkt. No. 112 at 5.  Moreover, because "federal law specifically makes it a crime for anyone who" engages in witness tampering, see 18 U.S.C. § 1512(b)(1), Karma's actions should be sanctioned by the Court.  Id. at 6.  Gudmundsson's conduct also constitutes extortion, as well, given that he called Punak and arranged a meeting during which he "explicitly promised" no legal action if Punak complied and otherwise intimidated and threatened Punak.  Id. at 7-8.  Karma is also liable for Gudmundsson's actions, given that he is a C-suite level executive and "by his own admission . . . spearheading Karma's efforts" in the litigation.  Id. at 10-11.  As a result, the Court should dismiss the case.  Id. at 11-12.  Even if the Court were not to dismiss the case, the Court should preclude Karma from obtaining any equitable relief.  Id. at 13.

      In response, Karma argues that Lordstown provides no legal basis for the requested relief.  Dkt. No. 122 at 4-5.  Lordstown's reliance on extortion and witness tampering statutes is misplaced given that, absent a legal basis for issuing sanctions, courts also hesitate to employ criminal statutes to impose sanctions in civil actions.  Id. at 5 (citing Shalaby v. Bernzomatic, No. 11-68, 2019 WL 3843003, at *1 (S.D. Cal. Aug. 15, 2019)).  Lordstown's evidence in support of its motion is otherwise insufficient, given Gudmundsson's own account of the meeting as well.  Id. at 6 (citing InjuryLoans.com, LLC v. Buenrostro, No. 18-1926, 2020 WL 910827, at *3 (D. Nev. Sept. 28, 2020), and others).  Finally, even assuming that the Court were to accept Punak's account of what occurred during his meeting with Gudmundsson, that conduct does not support issuing sanctions given that culpability would effectively be premised on insinuation and one party's understanding of another's intent.  Id. at 8-10.

      Outright dismissal is a "harsh penalty" and "should only be imposed in extreme circumstances."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  It is appropriate only when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings . . . and engaged in conduct utterly inconsistent with the orderly administration of justice." Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (quotation omitted).  Due process concerns also mandate a connection between a party's "misconduct and the matters in controversy such that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02104-JVS-DFMx | Date | July 13, 2021 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al | | |

transgression 'threatens to interfere with the rightful decision of the case.'" Anheuser-Busch, Inc. v. Nat. Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (internal citation and quotation marks omitted).

The Court declines to dismiss Lordstown and the other Defendants. It likewise rejects Lordstown's request to preclude Karma from obtaining any equitable relief.

First, it is quite clear that there are two conflicting sides and stories to the story of what happened during the meeting between Gudmundsson and Punak. Cf. Kalwasinski v. Ryan, No. 96–CV–6475, 2007 WL 2743434, at *3 (W.D.N.Y. Sept. 17, 2007). The Court also disagrees with Lordstown that "every part of the conversation between Gudmundsson and Punak has been corroborated by Gudmundsson's own testimony." See Dkt. No. 125 at 3. Gudmundsson states in his declaration that he never asked Punak to become a spy on behalf of Karma or be friendly to the Company and let it know what was going on inside Lordstown, even though he did "ask Punak to truthfully tell the Court and the parties his role in their misappropriation of Karma's trade secrets." Gudmundsson Decl. ¶¶ 10-12. This recollection contrasts with Punak's story, which alleges that Gudmundsson offered inducements and even threatened him. Punak Decl. ¶¶ 8-12. The Court is faced with two, likely self-serving declarations, and declines to drastically alter the trajectory of this case on the basis of these declarations alone. It likewise declines to consider the declaration of Sunil Sarvepalli, given that it was first raised on reply.

Second, even if this were not the case, there is an insufficient record to warrant dismissal. See, e.g., Torres v. Wells Fargo Bank, No. 17-9305, 2019 WL 8012686 (C.D. Cal. Dec. 17, 2019) (dismissing the case based on undisputed evidence of witness threatening via text message transcripts); Tilton v. McGraw-Hill Co., No. C06-098, 2007 WL 777523 (W.D. Wash. Mar. 9, 2017) (awarding sanctions where the plaintiff intimidated an opposing witness with threatening emails and voicemails). Here, the only evidence in support of sanctions is a single text message exchange. Dkt. No. 112-4. However, this exchange confirms only that the two met and reveals nothing overtly offensive concerning Gudmundsson's actions. And, as discussed above, the Court declines to award much weight to Punak's self-serving declaration (even though it may be controverted by Gudmundsson's own self-serving declaration).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02104-JVS-DFMx | Date | July 13, 2021 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al | | |

    Third, the Court agrees with Karma that the conduct at issue here does not relate to the type of action that forms the basis of its complaint, and as such, the doctrine of unclean hands is inapplicable.

    The misconduct that brings the clean hands doctrine into play must relate directly to the cause at issue. Past improper conduct or prior misconduct that only indirectly affects the problem before the court does not suffice. The determination of the unclean hands defense cannot be distorted into a proceeding to try the general morals of the parties.

Kendall-Jackson Winery, Ltd. v. Superior Ct., 76 Cal. App. 4th 970 (1999), as modified on denial of reh'g (Jan. 3, 2000). Here, the Court is not convinced "that the conduct relates to the subject matter of [the plaintiff's] claims." Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 847 (9th Cir. 1987). Similarly, the Court is not convinced that there is a connection between Karma's actions and the rightful resolution of this case. Anheuser-Busch, 69 F.3d at 348. Gudmundsson's threats and attempts to convince Punak to spy on Lordstown after Karma already filed suit, even taking Punak's story as true, do not relate to the alleged theft of Karma's trade secrets.

    Therefore, the Court **DENIES** Lordstown's requests for sanctions, both as it relates to its request for terminating sanctions and to precluding Karma from obtaining equitable relief.

### IV. CONCLUSION

    For the foregoing reasons, the Court **DENIES** motion.

    **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:20-cv-02104-JVS-DFMx                          Date  July 13, 2021

Title  Karma Automotive LLC v. Lordstown Motors Corp. et al

                                                                                         :         0
                                                        Initials of Preparer    lmb