THOMAS R. LUCCHESI (*admitted pro hac vice*)
tlucchesi@bakerlaw.com
TERRY M. BRENNAN (*admitted pro hac vice*)
tbrennan@bakerlaw.com
ANTHONY B. PONIKVAR (*admitted pro hac vice*)
aponikvar@bakerlaw.com
**BAKER & HOSTETLER LLP**
Key Tower, 127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone:   (216) 621-0200
Facsimile:   (216) 696-0740

WILLIAM W. OXLEY (SBN 136793)
woxley@bakerlaw.com
RYAN D. FISCHBACH (SBN 204406)
rfischbach@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone:   (310) 820-8800
Facsimile:   (310) 820-8859

*Attorneys for Defendants*
LORDSTOWN MOTORS CORP., *et al.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMA AUTOMOTIVE LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LORDSTOWN MOTORS CORP., an Ohio corporation; STEVE BURNS, an individual, JOHN LEFLEUR, an individual, DARREN POST, an individual, RICH SCHMIDT, an individual, ROGER J. DURRE, an individual, HONG XIN HUAN (A.K.A. "GEORGE" HUAN), an individual, BEI QIN, an individual, STEPHEN PUNAK, an individual, CHRISTOPHER KIM, an individual, DAN ZHIHONG HUANG, an individual, PUNAK ENGINEERING, INC., a California corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-02104-JVS-DFM<br><br>**DEFENDANTS' NOTICE OF APPLICATION AND APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND SELECTED DECLARATIONS IN SUPPORT THEREOF**<br><br>**[L.R. 79-5.2.2.(a)]**<br><br>[*Filed concurrently* with Declaration of Thomas R. Lucchesi; and (Proposed) Order]<br><br>**Motion Date**<br>Date:   September 13, 2021<br>Time:   1:30 p.m.<br>Ctrm:   10C<br>Judge:  Hon. James V. Selna<br><br>Complaint Filed: October 30, 2020<br>Trial Date:   April 12, 2022 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Local Rule 79-5, Defendants Lordstown Motors Corp., Steve Burns, John LaFleur, Darren Post, Rich Schmidt, Roger J. Durre, Hon Xin Huan, Bei Qin, Stephen Punak, Christopher Kim, Dan Zhihong Huang, and Punak Engineering, Inc. (collectively "Defendants") hereby respectfully apply to the Court for leave to file under seal portions of the following documents filed on August 23, 2021 in support of Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction:

| DOCUMENT | PORTION TO BE FILED UNDER SEAL |
|---|---|
| Defendants' Memorandum in Opposition to Karma Automotive LLC's Motion for Preliminary Injunction (the "Opposition") | All highlighted text: [7:11; 7:13-15; 7:17-18; 10:9-10; 13:8; 13:12; 16:3-4] |
| Declaration of Scott Andrews in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text and tables: [9:24-28; 10:1-6; 10:9-10; 10:27; 11:1-28; 12:1-19; 13:6-9; 13:11-16; 13:19-21; 15:3; 15:14-15; 19:17; 19:19-22; 20:20-21: 20:24; 21:4-17; 22:1-13; 23:23-25; 24:3; 24:5; 24:17; 24:21; 24:23; 24:27-28; 25:4; 26:6; 27:1-20; 28:6; 28:12: 28:17-18; 29:1-2; 29:8-12; 30:25; 31:5-6] |
| Declaration of Roger J. Durre in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text: [3:22-23; 3:28; 4:5-6; 4:15-21; 4:26-28; 5:1; 5:7-9; 6:23-25; 10:18-20; 11:1; 14:21-24; 14:28; 15:3-4; 15:18-20; 15:24] |
| Declaration of George Huan in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text: [3:16; 3:23-24] |

| DOCUMENT | PORTION TO BE FILED UNDER SEAL |
|---|---|
| Declaration of Dan Huang in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text: [3:6-8; 3:19-22; 3:24-25; 4:1; 4:4-6; 4:8: 4:11-12; 4:15; 4:19; 4:22; 4:25-28; 5:2-3; 5:5-6; 5:9-10; 5:12-13: 5:16-17; 5:21-23; 5:25-26; 6:1-2; 6:4; 6:7; 6:9; 6:11; 6:14; 6:16] |
| Declaration of Jeffrey Miller in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text: [7:8; 7:13; 8:1-4; 8:8-13; 8:18-20; 9:5; 9:8; 9:13-15; 10:1; 10:n.2; 13:24; 14:27-28; 15:2-5; 15:9-13; 15 25; 17:1; 18:15; 18:24-25; 19:13-14; 23:23; 24:1-2] |
| Declaration of Bernie Porter in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text and tables: [7:1-17; 7:27; 7:27; 8:2-6; 8:13-15; 9:1-12] |
| Exhibits A and B, to the Declaration of Bernie Porter in Opposition to Karma's Motion for Preliminary Injunction | Entire Exhibits: [Exs. A, B] |
| Declaration of Darren Post in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text: [10:17-18; 10:27-28; 11:1-3; 11:7-8; 11:12; 11:17-23; 12:2-5; 14:24-28; 15:2-3; 16:1-2; 16:8; 16:18-23; 17:3-5; 17:8-12: 17:15; 17:21-22; 18:1; 18:5; 20:7-8; 20:26-27] |
| Exhibits A, B, C, D, E, I, and J, to the Declaration of Darren Post in | All highlighted portions: [Ex. A]<br>Entire Exhibits: [Exs. B, C, D, E, I, J] |

| DOCUMENT | PORTION TO BE FILED UNDER SEAL |
|---|---|
| Opposition to Karma's Motion for Preliminary Injunction | |
| Declaration of Stephen Punak in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text: [5:20-24; 6:4-7; 6:20-24] |
| Declaration of Zak Stelmaszek in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text: [5:13; 6:28; 7:2; 7:5; 7:8-10; 7:13-14; 7:21-24; 8:12-13; 8:16; 8:21-22; 9:1; 9:8] |
| Declaration of Greg Kelley in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text: [3:24; 3:28] |
| Declaration of Jonathan Woods in Opposition to Karma's Motion for Preliminary Injunction | All highlighted text: [2:25; 2:27; 3:6-7] |
| Deposition Transcript Except of John Gudmundsson | Entire Excerpt |
| Deposition Transcript Excerpt of Mikael Elley | Entire Excerpt |

This Application is made pursuant to Federal Rule of Civil Procedure 26 and the Central District of California, Local Rule 79-5, on the grounds that the above documents contain Plaintiff's and Defendants' confidential, proprietary, and trade secret information or information designated as such by Plaintiff. Defendants' Application is made on the grounds that a balancing of interests favors maintaining the confidentiality of these documents because they contain commercially sensitive information and Defendants would be irreparably harmed if this information were generally known. Good cause exists to grant the instant Application because portions

of the Opposition disclose information that either Plaintiff or Defendants believe is highly confidential or constitutes trade secret information, or is information designated by the one of the parties as either "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this matter, which requires Defendants to seek leave to file such materials under seal before doing so. (Dkt. 31, p. 17, ¶¶ 14.3.) If those portions of the Opposition are filed in the ordinary course, without any redactions, Plaintiff and Defendants risk disclosure of confidential and trade secret information to the public.

Defendants request that these documents be sealed throughout the duration of this litigation. Defendants request that no individuals be permitted access to these documents, with the exception of necessary Court personnel.

This Application is based upon this Notice of Application and Application For Leave to File Under Seal Documents in Support of Defendants' Opposition, the Declaration of Thomas R. Lucchesi, and all other pleadings and papers on file in this action.

WHEREFORE, Defendants respectfully request that the Court grant this Application and order that the above-listed briefing and supporting declarations and exhibits filed in support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction be filed under seal.

Dated: August 23, 2021         Respectfully Submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Thomas R. Lucchesi*
Thomas R. Lucchesi *(Pro Hac Vice)*
Terry M. Brennan *(Pro Hac Vice)*
Anthony B. Ponikvar *(Pro Hac Vice)*
William W. Oxley (SBN 136793)
Ryan D. Fischbach (SBN 204406)

*Attorneys for Defendants*
LORDSTOWN MOTORS CORP., *et al.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the Central District of California Local rule 79-5, Defendants seek to file under seal portions of their Opposition to Plaintiff's Motion for a Preliminary Injunction ("Opposition") along with certain declarations and exhibits supporting the Opposition. In Plaintiff's Motion for Preliminary Injunction and supporting Memorandum ("PI Motion") (Dkt. 129), Plaintiff requests an order enjoining Defendants from any use or exploitation of five alleged "trade secrets" which Plaintiff claims are being used by Defendant Lordstown Motors Corp. to produce allegedly "competing" vehicles. Defendants strongly oppose Plaintiff's PI Motion and strenuously dispute Plaintiff's claims.

Plaintiff's PI Motion and Defendants Opposition thereto, and the evidence supporting both contain detailed descriptions and/or attach copies of information that either Plaintiff or Defendants, or both, contend contain highly confidential trade secrets and/or which were produced by the parties under either a "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation pursuant to the Court's Stipulated Protective Order. (Dkt. 31.).

In order to fully respond to the allegations in Plaintiff's Motion, which Plaintiff sought (Dkt. 128) ("Plaintiff's Seal Application")—and this Court granted (Dkt. 132)—to be filed under seal, portions of Defendants Opposition necessarily need to disclose similarly highly confidential trade secret information and/or respond to the confidential information addressed in the Plaintiff's Motion. As such, in order to protect its own highly confidential trade secret information and in order to comply with the Stipulated Protective Order, Defendants seek leave to file their Opposition and selected materials in support thereof under seal.

Rule 26(c)(7) of the Federal Rules of Civil Procedure provides that the Court may "make any order which justice requires . . . including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Further, as noted in Plaintiff's Seal

Application, the Defend Trade Secrets Act ("DTSA"), under which the instant action is brought, requires courts to safeguard alleged trade secrets. Specifically, section 3 of the DTSA provides, "[t]he court may not authorize or direct the disclosure of any information the owner asserts to be a trade secret unless the court allows the owner the opportunity to file a submission under seal that describes the interest of the owner in keeping the information confidential." 18 U.S.C. § 1835(b).

It is well established that protective orders and filings under seal allow parties to preserve their "legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992).

In determining whether a document should be filed under seal, courts consider, among other things, (1) the measures taken to guard the information's secrecy, and (2) the value of the information to the business or its competitors. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002); *Sega Enters. v. Accolade, Inc.*, 977 F.2d 1510, 1532 (9th Cir. 1992). Thus, the disclosure of trade secrets and "business information that might harm a litigant's competitive standing" can establish good cause necessary for a filing under seal. *Kamakana v. Honolulu*, 447 F.3d 1172, 11789-79 (9th Cir. 2006); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit law) ("One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business"); *Herron v. Best Buy Stores, LP*, 2015 WL 5330271, at *2 (E.D. Cal. Sept. 10, 2015) (sealing a defendant's internal valuations of products and brands which were unavailable to competitors and at the heart of the defendant's business); *see also Phillips ex rel. Estates of Byrd,* 307 F.3d at 1212 (*citing KL Group v. Case, Kay, and Lynch*, 829 F.2d 909, 917-19 (9th Cir. 1997)) (noting that courts have "consistently granted" protective orders to shield privileged information).

Further, only "good cause" is required to seal documents used in non-dispositive motions. *See Kamakana v. Honolulu*, 447 F.3d at 1179-80; *see also Ferrington v. McAfee, Inc.*, No. 10-1455, 2013 WL 3814474, at *1 (N.D. Cal. July 22, 2013) ("Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate 'good cause.'").

Here, good cause exists to grant this Application, because preserving the confidentiality of trade secrets overrides the public right, if there is any, to access the records containing the proprietary information. (*See* Declaration of Thomas R. Lucchesi ("Lucchesi Decl."), ¶ 4). The records at issue here contain highly confidential, trade secret, commercially sensitive information, the disclosure of which would irreparably harm Defendants. (Lucchesi Decl., ¶¶ 4-5). This information would be highly valuable to Defendants' competitors and would provide them with a competitive advantage. (Lucchesi Decl., ¶ 6). Moreover, were the general public, let alone Defendants' competitors, to become privy to Defendants' trade secrets, the trade secrets themselves would cease to exist. *See Saini v. Int'l Game Tech*. 434 F. Supp. 2d 913, 919 (D. Nev. 2006) ("Public disclosure of a trade secret destroys the information's status as a trade secret.") (citing *Ruckelshaus v. Monsanto Co*. 467 U.S. 986, 1002 (1984)).

As such, Defendants respectfully request that the Court enter an order directing the requested portions of Defendants' briefing, declarations, and exhibits in support of their Opposition to Plaintiff's Motion be filed under seal.

Dated: August 23, 2021

Respectfully Submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Thomas R. Lucchesi*
Thomas R. Lucchesi (*Pro Hac Vice*)
Terry M. Brennan (*Pro Hac Vice*)
Anthony B. Ponikvar (*Pro Hac Vice*)
William W. Oxley (SBN 136793)
Ryan D. Fischbach (SBN 204406)

*Attorneys for Defendants*
LORDSTOWN MOTORS CORP., *et al.*