# EXHIBIT A

THOMAS R. LUCCHESI (*admitted pro hac vice*)
tlucchesi@bakerlaw.com
TERRY M. BRENNAN (*admitted pro hac vice*)
tbrennan@bakerlaw.com
ANTHONY B. PONIKVAR (*admitted pro hac vice*)
aponikvar@bakerlaw.com
**BAKER & HOSTETLER LLP**
Key Tower, 127 Public Square
Suite 2000
Cleveland, Ohio 44114
Telephone:   (216) 621-0200
Facsimile:    (216) 696-0740

WILLIAM W. OXLEY (SBN 136793)
woxley@bakerlaw.com
RYAN D. FISCHBACH (SBN 204406)
rfischbach@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone:   (310) 820-8800
Facsimile:    (310) 820-8859

*Attorneys for Defendants*
LORDSTOWN MOTORS CORP., *et al.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMA AUTOMOTIVE LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LORDSTOWN MOTORS CORP., an Ohio corporation; STEVE BURNS, an individual, JOHN LEFLEUR, an individual, DARREN POST, an individual, RICH SCHMIDT, an individual, ROGER J. DURRE, an individual, HONG XIN HUAN (A.K.A. "GEORGE" HUAN), an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-02104-JVS-DFM<br><br>**THIRD SET OF DOCUMENT REQUESTS OF LORDSTOWN MOTORS CORPORATION**<br><br>Compl. Filed:   October 30, 2020<br>Trial Date:       April 12, 2022 |

Pursuant to Fed. R. Civ. P. 26 and 34, DEFENDANT LORDSTOWN MOTORS CORP. ("LMC" or "DEFENDANT") hereby propounds the following third set of requests to produce and permit the inspection and copying of documents and other tangible things on PLAINTIFF KARMA AUTOMOTIVE LLC ("Karma), to be answered in the time prescribed by Fed. R. Civ. P. 34.

## DEFINITIONS

A. As used in these requests, the terms "DOCUMENT" and "DOCUMENTS" shall have the same meaning as the terms "writing" and "records" as defined in Rule 1001(1) of the Federal Rules of Evidence, and shall also include "original," and "duplicate" writings and "photographs" as those terms are defined in Rules 1001(2), 1001(3) and 1001(4) of the Federal Rules of Evidence. The terms "DOCUMENT" and "DOCUMENTS" specifically include, without limiting the generality of the foregoing, any correspondence, memoranda, drafts, reports, financial statements, notes (including stenographic notes), records, ledgers, journals, minutes, books, telephone slips, expense records, timesheets, telegrams, cables, photographs, microfilm, prints, publications, recordings, transcriptions, affidavits, bills, receipts, prescriptions, diagnoses, checks, envelopes, telegrams, telephone logs, messages (including reports, notes and memoranda of personal or other telephone conversations and conferences), electronic communications (including electronic mail and information contained on computer hard drives, computer disks and digital audiotape), contracts, agreements, summaries, phonograph, tape or other recordings, disks, data cells, drums, printouts and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings or documents of whatever description or kind, including attachments or other matters affixed thereto.

B. As used in these requests, the terms "COMMUNICATION" and "COMMUNICATIONS" mean and include any contact or act by which any information or knowledge is transmitted between two (2) or more PERSONS

including written contact (by such means as letters, memoranda, telegrams, electronic mail, telexes, facsimiles, tape recordings, computer transmissions, computer readable recordings, e-mail, text messages, instant messages, online chat, or any other DOCUMENTS or ESI), oral contact (by such means as face-to-face communications or telephone conversations), or any other transfer of information, written or otherwise.

   C. As used in these requests, the terms "YOU," "YOUR" and "YOURSELF" mean KARMA, and they include anyone acting for or on behalf of KARMA.

   D. As used in these requests, the term "AMENDED COMPLAINT" means the First Amended Complaint for Preliminary and Injunctive Relief and Damages (Dkt. 68-2), and any accompanying exhibits thereto, filed by YOU on YOUR behalf on or about April 16, 2021 in the United States District Court for the Central District of California, which is the subject matter of this litigation.

   E. As used in these requests, the term "PERSON" means a natural person or entity, including, without limitation, any individual, sole proprietorship, limited liability company, limited liability partnership, association, company, partnership, joint venture, corporation, trust, trustee, pension plan, estate, or other entity of any kind or nature.

   F. As used in these requests, the terms "IDENTIFY," "IDENTITY" and "IDENTIFIED," when used with respect to a PERSON who is an individual, mean to state the following information for such individual:

    1. the individual's name;

    2. the individual's last known residential and business address and telephone numbers; and

    3. the name and address of the individual's last known employer.

G.   As used in requests, the terms "IDENTIFY," "IDENTITY" and "IDENTIFIED," when used with respect to a PERSON who is a business entity, mean to state the following information for such entity:

1. its full name;
2. its form of organization;
3. the location of its principal place of business; and
4. the nature of its trade or business.

H.   As used in these requests, the terms "IDENTIFY," "IDENTITY" and "IDENTIFIED," when used with respect to a DOCUMENT, mean to state the following information for each DOCUMENT:

1. the nature and substance of the DOCUMENT with sufficient particularity to enable the same to be precisely IDENTIFIED and recognized;
2. the date or approximate date on which the DOCUMENT was prepared;
3. the IDENTITY of each PERSON who wrote, signed, initialed, dictated or otherwise participated in the preparation of such DOCUMENT;
4. the IDENTITY of each PERSON to whom the DOCUMENT or any copy of it was sent or addressed; and the IDENTITY of each PERSON having custody of the DOCUMENT or any copy of it.

I.   As used in these requests, the term "LITIGATION" means the above-captioned action, filed in the United States District Court for the Central District of California, No. 8:20-CV-02104

J.   As used in these requests, the term "DEVICES" means any computer, tablet, smartphone, mobile devices, internal or external hard drive, USB drive, shared drive, cloud database, cloud service, repository, or similar electronic media or

- 4 -

platforms issued by KARMA to its employees or contractors, or otherwise known by KARMA to be used, or have been used, by its employees or contractors.

## INSTRUCTIONS

A.   DEFENDANT requests that in answering the requests below, YOU repeat verbatim the text of each request before each answer. DEFENDANT also requests that YOU indicate with respect to each DOCUMENT or category of DOCUMENTS produced the number of the DOCUMENT request to which it is responsive.

B.   With respect to any DOCUMENT responsive to these requests that YOU contend YOU are not required to produce because of an alleged privilege (which YOU are not presently prepared to waive), describe each such alleged privileged DOCUMENT as follows:

    1.   Give the date the DOCUMENT was created;
    2.   IDENTIFY the PERSON who wrote, signed, initialed, dictated or otherwise participated in the creation of the DOCUMENT;
    3.   IDENTIFY each PERSON who was present when it was prepared;
    4.   IDENTIFY each PERSON to whom the original or a copy of the DOCUMENT was sent;
    5.   IDENTIFY each PERSON who has seen the document;
    6.   IDENTIFY each PERSON who has custody of the original or a copy of the document;
    7.   IDENTIFY every DOCUMENT that refers to, discusses, analyzes or comments upon it, in whole or in part, or which contains any or all of its contents;
    8.   State and describe the subject of the DOCUMENT;
    9.   IDENTIFY the present location of the DOCUMENT; and

      10.    State the privilege (e.g., attorney-client, etc.) and any statute which YOU contend supports YOUR assertion of the privilege.

### (THIRD) REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION 32**:

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, KARMA'S hiring, engagement, retention, termination, and/or furloughing of Stephan Punak or Punak Engineering, Inc.

**REQUEST FOR PRODUCTION 33**:

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, source code developed by Stephan Punak or Punak Engineering, Inc. for KARMA.

**REQUEST FOR PRODUCTION 34**:

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, source code developed by Christopher Kim, as alleged in Paragraph 103 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION 35:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, the hiring, engagement, or retention of ESG Automotive by KARMA (or its predecessor) for any purpose, including, but not limited to, development of vehicle level power mode management specifications referred to in Paragraph 108 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION 36:**

All DOCUMENTS, including drafts, that record or reflect the development of vehicle power mode management specifications for any KARMA vehicle from 2014 to the present.

**REQUEST FOR PRODUCTION 37:**

All technical specifications existing between 2014 and the present that record or report, or refer or relate to, KARMA's "Vehicle Level Power Moding," as that term is used in Paragraph 108 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION 38:**

The asset purchase agreement, and all accompanying schedules and exhibits, between Fisker Automotive and KARMA.

**REQUEST FOR PRODUCTION 39:**

An image or copy of all DEVICES used by Rodger "Joe" Durre for conducting KARMA-related business activities.

**REQUEST FOR PRODUCTION 40:**

An image or copy of all DEVICES used by Huan Xin "George" Huan for conducting KARMA-related business activities.

**REQUEST FOR PRODUCTION 41:**

An image or copy of all DEVICES used by Bei "Brian" Qin for conducting KARMA-related business activities.

**REQUEST FOR PRODUCTION 42:**

An image or copy of all DEVICES used by Stephan Punak or Punak Engineering, Inc. for conducting KARMA-related business activities.

**REQUEST FOR PRODUCTION 43:**

An image or copy of all DEVICES used by Christopher Kim for conducting KARMA-related business activities.

**REQUEST FOR PRODUCTION 44:**

An image or copy of all DEVICES used by Darren Post for conducting KARMA-related business activities.

**REQUEST FOR PRODUCTION 45:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, YOUR allegations in Paragraph 62 of the AMENDED COMPLAINT

that LMC had approached other electronics manufacturers about developing an infotainment system for the Endurance.

**REQUEST FOR PRODUCTION 46:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, YOUR allegations in Paragraph 62 of the AMENDED COMPLAINT that other electronics manufactures refused to work with LMC or could not meet LMC's required development timeline.

**REQUEST FOR PRODUCTION 47:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, YOUR allegations in Paragraphs 69 of the AMENDED COMPLAINT that LMC informed KARMA that it would issue its initial payment "shortly."

**REQUEST FOR PRODUCTION 48:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, YOUR allegations in Paragraph 70 of the AMENDED COMPLAINT concerning the repeated statements by or on behalf of LMC that it intended to move forward with utilizing KARMA's services.

**REQUEST FOR PRODUCTION 49:**

All DOCUMENTS that support YOUR allegation in Paragraph 101 of the AMENDED COMPLAINT that defendant Qin "deleted [] work product before resigning from KARMA."

**REQUEST FOR PRODUCTION 50:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, YOUR allegations in Paragraph 107 of the AMENDED COMPLAINT that Mr. Punak knowingly used KARMA source code as part of his development work for LMC's infotainment system.

**REQUEST FOR PRODUCTION 51:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, YOUR allegations in Paragraph 107 of the AMENDED COMPLAINT

that Mr. Punak was directed by Mr. Durre to work on projects "ostensibly for KARMA" after Mr. Punak had been terminated by KARMA.

**REQUEST FOR PRODUCTION 52:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, YOUR allegations in Paragraph 110 of the AMENDED COMPLAINT that defendants took and used KARMA's trade secret and confidential information, including product development plans, software and hardware development project plans and timelines, hardware development specifications for individual vehicle and infotainment system components, including USB hubs, gateways, battery chargers, advanced driver assistance systems, brake systems, design documents for electric vehicle communication systems, electric vehicle network architecture diagrams, full and complete bills of materials, and secret plans for a new KARMA vehicle.

**REQUEST FOR PRODUCTION 53:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, YOUR allegations in Paragraph 110 of the AMENDED COMPLAINT that defendants took and used KARMA's production processes and tools, including, without limitation, electric vehicle testing and validation documents, including crash testing documentation, mobile device application product requirements, process improvement methodologies, supplier information, strategic pricing and profitability analysis, and project budgets.

**REQUEST FOR PRODUCTION 54:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, YOUR allegations in Paragraph 111 of the AMENDED COMPLAINT that Darren Post is the custodian and in possession of KARMA documents or information.

**REQUEST FOR PRODUCTION 55:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, YOUR allegations in Paragraph 112 of the AMENDED COMPLAINT

that LMC has used KARMA's source code, trade secrets, and confidential information in the development of the electronic systems "that are the foundation of its own vehicles."

**REQUEST FOR PRODUCTION 56:**

All DOCUMENTS and COMMUNICATIONS that record or report, or refer or relate to, the consideration by KARMA to file for bankruptcy, liquidate its assets, wind down its business, or seek protection from creditors under state or federal law.

**REQUEST FOR PRODUCTION 57**:

All DOCUMENTS and COMMUNICATIONS between KARMA (or any agent or representative of KARMA) and Charles Gassenheimer or Carnegie Hudson Resources that record or report, or refer or relate to, the LITIGATION.

**REQUEST FOR PRODUCTION 58:**

Produce or IDENTIFY all DOCUMENTS and COMMUNICATIONS that record or reflect the actual use of KARMA's source code for or on behalf of LMC.

**REQUEST FOR PRODUCTION 59:**

Produce or IDENTIFY all DOCUMENTS and COMMUNICATIONS that record or reflect the actual use of KARMA's trade secrets for or on behalf of LMC.

**REQUEST FOR PRODUCTION 60**:

Produce or IDENTIFY all DOCUMENTS and COMMUNICATIONS that record or reflect the actual use of KARMA's confidential information for or on behalf of LMC.

Dated:   April 30, 2021                    Respectfully Submitted,

**BAKER & HOSTETLER LLP**

By:   */s/ Thomas R. Lucchesi*
         Thomas R. Lucchesi *(Pro Hac Vice)*

*Attorneys for Defendants*
LORDSTOWN MOTORS CORP., *et al.*

# PROOF OF SERVICE

*Karma Automotive LLC v. Lordstown Motor Corp.*
US District Court of California,
Central District Case No. 8:20-cv-02104-JVS-DFM

I, Nancy L. Brazil, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-0509. I served a copy of the within document(s):

**THIRD SET OF DOCUMENT REQUESTS OF LORDSTOWN MOTORS CORPORATION**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a [service company] agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☑ by transmitting via e-mail or electronic transmission the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

| | |
|---|---|
| Robert Brian Milligan, Esq.<br>Daniel Joshua Salinas, Esq.<br>Sierra J. Chinn-Liu, Esq.<br>SEYFARTH SHAW LLP<br>2029 Century Park East, Suite 3500<br>Los Angeles, CA  90067 | *Attorneys for Plaintiff*<br><br>310.277.7200 Telephone<br>310.201.5219 Facsimile<br>Email:  rmilligan@seyfarth.com<br>Email:  jsalinas@seyfarth.com<br>Email:  schinnliu@seyfarth.com |
| Jesse M. Coleman, Esq. (pro hac vice)<br>SEYFARTH SHAW LLP<br>700 Milam Street, Suite 1400<br>Houston, TX  77002 | *Attorneys for Plaintiff*<br><br>713.225.2300 Telephone<br>713.225.2340 Facsimile<br>Email:  jmcoleman@seyfarth.com |

| | |
|---|---|
| Katelyn R. Miller, Esq.<br>Kevin J. Mahoney, Esq.<br>Michael D. Wexler, Esq.<br>SEYFARTH SHAW LLP<br>233 South Wacker Drive, Suite 8000<br>Chicago, IL  60606 | *Attorneys for Plaintiff*<br><br>312.460.5000 Telephone<br>312.460.7000 Facsimile<br>Email:  krmiller@seyfarth.com<br>Email:  kmahoney@seyfarth.com<br>Email:  mwexler@seyfarth.com |

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  Executed on April 30, 2021, at Los Angeles, California.

*/s/ Nancy L. Brazil*
———————————————
Nancy L. Brazil