THOMAS R. LUCCHESI (*admitted pro hac vice*)
tlucchesi@bakerlaw.com
TERRY M. BRENNAN (*admitted pro hac vice*)
tbrennan@bakerlaw.com
ANTHONY B. PONIKVAR (*admitted pro hac vice*)
aponikvar@bakerlaw.com
**BAKER & HOSTETLER LLP**
Key Tower, 127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740

RYAN D. FISCHBACH (SBN 204406)
rfischbach@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone:  (310) 820-8800
Facsimile:  (310) 820-8859

*Attorneys for Defendants*
LORDSTOWN MOTORS CORP., *et al.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMA AUTOMOTIVE LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LORDSTOWN MOTORS CORP., an Ohio corporation; STEVE BURNS, an individual, JOHN LEFLEUR, an individual, DARREN POST, an individual, RICH SCHMIDT, an individual, ROGER J. DURRE, an individual, HONG XIN HUAN (A.K.A. "GEORGE" HUAN), an individual, BEI QIN, an individual, STEPHEN PUNAK, an individual, CHRISTOPHER KIM, an individual, DAN ZHIHONG HUANG, an individual, PUNAK ENGINEERING, INC., a California corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-02104-JVS-DFM<br><br>**DEFENDANTS' NOTICE OF APPLICATION AND APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DEFENDANTS' MOTION TO EXCLUDE DANIEL MCGAVOCK'S DAMAGES OPINIONS BASED ON MCGAVOCK'S LACK OF ANALYSIS AND LACK OF RELIABLE ASSUMPTIONS OR METHODOLOGY**<br><br>Date:     November 21, 2022<br>Time:     11:00 a.m.<br>Ctrm:     10C<br>Judge:   Hon. James V. Selna<br><br>Pretrial Conference: November 21, 2022<br>Trial Date: December 6, 2022 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5, Defendants hereby respectfully apply to the Court for leave to file under seal the following documents filed on October 24, 2022 accompanying Defendants' Motion to Exclude Daniel McGavock's Damages Opinions Based on McGavock's Lack of Analysis and Lack of Reliable Assumptions or Methodology (the "Motion"):

| Document | Portion to be Filed Under Seal |
|---|---|
| Defendants' Memorandum in Support of Motion to Exclude Daniel McGavock's Damages Opinions Based on McGavock's Lack of Analysis and Lack of Reliable Assumptions or Methodology | All highlighted text. |
| Defendants' Memorandum in Support of Motion to Exclude Daniel McGavock's Damages Opinions Based on McGavock's Lack of Analysis and Lack of Reliable Assumptions or Methodology<br><br>Exhibit A – McGavock Report<br>Exhibit C – Sowards Report<br>Exhibit D – Letter of Intent<br>Exhibit F – LMC00932745<br>Exhibit G – LMC13570438 | Entire exhibits. |
| Defendants' Memorandum in Support of Motion to Exclude Daniel McGavock's Damages Opinions Based on McGavock's Lack of Analysis and Lack of Reliable Assumptions or Methodology<br><br>Exhibit B – McGavock Deposition<br>Exhibit E – Zhang Deposition | All highlighted text. |

This Application is made pursuant to Federal Rule of Civil Procedure 26 and the Central District of California, Local Rule 79-5, on the grounds that the above documents contain Defendants' confidential, proprietary, and trade secret information or information designated as such by Plaintiff.

In the Ninth Circuit, only "good cause" is required to seal documents used in non-dispositive motions. *See Kamakana v. Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also Ferrington v. McAfee, Inc.*, 2013 WL 3814474, at *1 (N.D. Cal. July 22, 2013) ("Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate 'good cause.'").

Here, there is good cause to seal the above-described documents. As set forth in the accompanying declaration of Thomas R. Lucchesi, the documents contain information that Plaintiff and/or Defendants claim, pursuant to the parties' Stipulated Protective Order, is confidential, proprietary, trade secret, commercially sensitive information, the disclosure of which would likely cause irreparable harm. Specifically, the documents contain information that Plaintiff and/or Defendants claim is "Confidential" or "Confidential-Attorneys' Eyes Only" under the Stipulated Protective Order (Dkt. 31), including but not limited to, information regarding the parties' vehicle power level moding specifications, vehicle electrical/electronic architectures, source code and related specifications for its infotainment systems, product development systems, bills of materials containing supplier and pricing information, and related deposition testimony thereto.

Furthermore, pursuant to paragraph 14.3 of the Stipulated Protective Order, Defendants are required to seek leave to file such materials under seal before filing. (*See* Dkt. 31 ("A party that seeks to file under seal any Protected Material must comply with Local Rule 79-5 …. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the

information in the public record unless otherwise instructed by the court.").) Defendants thus have additional good cause for their sealing request—complying with the Court's previous order.

Accordingly, pursuant to Local Rule 79-5, Defendants request that the above-listed documents and corresponding highlighted text be sealed throughout the duration of this litigation. Defendants also request that no individuals be permitted access to the documents or text, with the exception of necessary Court personnel.

This Application is based upon this Notice of Application and Application for Leave to File Under Seal, the Declaration of Thomas R. Lucchesi and its accompanying Exhibits, the [Proposed] Order submitted concurrently herewith, and all other pleadings and papers on file in this action.

WHEREFORE, Defendants respectfully request that the Court grant this Application and order that the above-described documents submitted in connection with Defendants' Motion be filed under seal.

DATED: October 24, 2022

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Thomas R. Lucchesi*
Attorneys for Defendants