UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | August 15, 2023 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [Redacted] [IN CHAMBERS] Order Regarding Motion to Strike [530]

Plaintiff, Karma Automotive LLC, moves to strike part of Defendants'[1] damages expert's report. (Mot., Dkt. Nos. 530, 531 (sealed).) Defendants opposed. (Opp'n, Dkt. Nos. 535 (sealed), 536.) Karma replied. (Reply, Dkt. Nos. 565, 566 (sealed).)

For the following reasons, the Court **GRANTS in part and DENIES in part** the motion. The Court **STRIKES** paragraphs 144, 145, and part of 161 from the report.

**I. BACKGROUND**

The facts and background of the case are well known to the Court and the parties. (See Order Regarding Motion for Summary Judgment, Dkt. Nos. 429 (sealed), 430 (unsealed).) The jury trial was set to begin on April 11, 2023. (See Dkt. No. 433.) For reasons outside the parties' or the Court's control, the trial was continued to September 5, 2023. (Dkt. No. 513.) The Court permitted Defendants to retain a new damages expert. (See Rep. Tr., 13:1–16, Mar. 23, 2023, Dkt. No. 521.) But the Court imposed two restrictions: "one, he or she is shielded from the [previous damages expert's] report; and, two, no alternative damage calculation." (Id.) On May 31, 2023, Defendants produced the expert report of James E. Pampinella ("Pampinella"). (Mot., Ex. A, Dkt. No. 530-2,

---

[1] Lordstown Motors Corporation ("Lordstown"), Steven Burns ("Burns"), John LaFleur ("LaFleur"), Darren Post ("Post"), Rich Schmidt ("Schmidt"), Roger J. Durre ("Durre"), Hong Xin Huan ("Huan"), Bei Qin ("Qin"), Stephen Punak ("Punak"), Christopher Kim ("Kim"), Dan Zhihong Huang ("Huang"), Punak Engineering Inc. ("Punak Engineering"), and Does 1 through 50 ("Does") (collectively, "Defendants").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-2104 JVS (DFMx)                                Date  August 15, 2023

Title      Karma Automotive LLC v. Lordstown Motors Corp. et al.

531-2 (unsealed).)  Karma now seeks to strike portions of the report.[2]  (Pampinella Rep., Dkt. No. 531-2 (sealed).)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony.  Federal Rule of Civil Procedure 26(e)(2) provides a party's duty to disclose "extends both to information included in the report and to information given during the expert's deposition."

"Parties must make these expert disclosures at the times and in the sequence that the court orders.  Rule 37 gives teeth to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed.  Rule 37(c)(1) is a self-executing, automatic sanction designed to provide a strong inducement for disclosure.  The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless."  Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011) (internal citations and quotations omitted).

## III. DISCUSSION

Karma challenges three aspects of Pampinella's report.  The Court will discuss each in turn.

   A.   *Whether Pampinella's report contains an alternative damages calculation*

The Court was clear, Pampinella would not be allowed to provide an alternative damage calculation.  (See Rep. Tr., 13:1–16, Mar. 23, 2023.)  Defendants' previous damages expert, Rodney Sowards ("Sowards"), never provided an alternative damages

---

[2] Beginning on June 26, 2023, the case was stayed due to Lordstown filing of a suggestion of bankruptcy.  (Dkt. Nos. 537, 539, 543.)  The Court initially denied this motion to strike without prejudice because of the stay.  (Dkt. No. 549.)  The stay, as to this Court and as to the Bankruptcy Court, is no longer in effect as it pertains to this case.  (Dkt. Nos. 559, 563.)  The motion and opposition were filed prior to the stay.  Accordingly, the Court permitted Plaintiffs to file a reply and reset the hearing on this motion to August 14, 2023.  (Dkt. No. 563.)  The trial is now set for September 12, 2023.  (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | August 15, 2023 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

calculation. (See generally Ex. 2, Dkt. No. 309-10 (sealed).) Thus, "it would be unfair to have a new expert come in and make an alternative damages calculation when it wasn't put forward in the first instance." (See Rep. Tr., 10:19–23, Mar. 23, 2023); see, e.g., Cal. Inst. of Tech. v. Broadcom Ltd., No. CV 16-3714-GW-AGRx, 2023 WL 336143, at *2 (C.D. Cal. Jan. 5, 2023). The Court also allowed Pampinella to consider facts that came to light after the discovery cut off. (See Rep. Tr., 13:1–16, Mar. 23, 2023 ("[I]t would be unfortunate to not deal with the real facts.").)

Karma seeks to strike seven paragraphs of Pampinella's report for providing an alternative damages calculation. (Mot. 5–6.) Sowards previously produced a report to evaluate the damages alleged by Karma's expert, Daniel McGavock ("McGavock"). (Sowards Rep., Dkt. No. 309-10 (sealed).)

In the first two paragraphs at issue, Pampinella ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Pampinella, although shielded from Sowards' report, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As the Court previously noted, "it would be unfortunate to not deal with the real facts." (See Rep. Tr., 13:1–16, Mar. 23, 2023.) Pampinella does not introduce an alternative damage calculation by using the actual sales data in lieu of McGavock's information. Regardless of whether McGavock's opinion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ does not change the result. Pampinella simply adjusted McGavock's analysis based on real world information. (McGavock Rep. ¶ 229.)

Pampinella then states ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | August 15, 2023 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

█████████████████████████████████████████ Using actual sales data information does not introduce an alternative damage calculation. Instead, this firmly quantifies Karma's monetary damages, as it relates to expected profits, as contemplated by McGavock. True, ████████████████████████████ █████████████████████████████ But this is true because Lordstown ultimately sold fewer vehicles than originally planned, thus making far less profit.

Based on this analysis, Pampinella states ███████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

Thus, paragraphs 1–4, as cited in Karma's motion, do not include an alternative damage calculation.

Next, Karma challenges Pampinella's statement: ████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
█████████████████ Pampinella in effect concedes McGavock should have considered this variable in his calculation (*i.e.*, provided a different calculation). Moreover, without a calculation by either party, this opinion is rendered unhelpful for the trier of fact.

Thus, the Court **STRIKES** paragraphs 144 and 145 from Pampinella's Report.

Next, Karma challenges Pampinella's statement: ████████████
████████████████████████████████████████████████████████████

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | August 15, 2023 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

Sowards provided a similar critique of McGavock's analysis (or lack thereof):

Thus, this opinion is not new and the Court declines to strike these paragraphs.

Finally, Karma challenges Pampinella's statement:

This is a critique of what information McGavock used in his analysis, not the introduction of an alternative calculation. Thus, the Court declines to strike these paragraphs.

Accordingly, the Court **STRIKES** paragraphs 144 and 145 from Pampinella's Report.

    B.    *Whether Pampinella impermissibly relied on previously undisclosed expert opinions*

If new legal theories are raised after the close of discovery, they may not be allowed at later stages of the case such as summary judgment or trial. See, e.g., Amini Innovation Corp. v. Anthony Cal. Inc., No. CV 03-8749, 2006 WL 6855371, at *9 (C.D. Cal. Sept. 21, 2006) (granting motion in limine to preclude evidence supporting undisclosed legal theory in copyright case) (citing Coleman v. Quaker Oats Co., 232 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-2104 JVS (DFMx)     Date  August 15, 2023

Title  Karma Automotive LLC v. Lordstown Motors Corp. et al.

1271, 1291–94 (9th Cir. 2000) (precluding alternate, undisclosed legal theory at summary judgment)).

Karma seeks to strike four of Pampinella's opinions. (Mot. 7–8.) Karma contends Defendants seek to inject new and undisclosed theories and opinions through Pampinella.

First is Pampinella's statement: ▮

Defendants' other expert, Scott Andrews ("Andrews"), essentially states the same in his report. There, he stated: ▮

Thus, this not a new theory or opinion.

Second, Pampinella states ▮

In a request for production, Defendants asserted "[d]evelopment of the Endurance is ongoing and the specifications for the Endurance's systems are currently being developed." (Ex. 2, Dkt. No. 314-2, at 7.) Pampinella's statement logically follows that if Lordstown is still developing the Endurance, then any such R&D costs may factor into offsetting the total R&D costs. Thus, this not a new theory or opinion.

Third, Pampinella states: ▮

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-2104 JVS (DFMx)          Date  August 15, 2023

Title  Karma Automotive LLC v. Lordstown Motors Corp. et al.

████████████████████████████████

████ Karma primarily seeks to strike the following: ████

Lordstown argues this theory was disclosed in Andrews's report. Andrews summarized his opinion, in part, by stating that ████████████████████████████████████████████████████████████████████████████████████████ While Pampinella may certainly rely on discussions with other experts, Andrews ████████████████████████████████████ Because this opinion was never otherwise previously disclosed, the Court **STRIKES** the sentence: ████████████████████████████████

Lastly, Pampinella states ████████████████ Sowards previously stated: ████████████████ Pampinella essentially does the same as Sowards, albeit in a slightly different and more specific way. Thus, this not a new theory or opinion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 20-2104 JVS (DFMx)      Date August 15, 2023

Title     Karma Automotive LLC v. Lordstown Motors Corp. et al.

Accordingly, the Court **DENIES** the motion as to these paragraphs in Pampinella's Report.

     C.      *Whether Pampinella impermissibly relied on new evidence*

A party may use information not previously disclosed "unless the failure [to disclose] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Karma argues Pampinella impermissibly relies on undisclosed evidence in the form of legal treatises and industry articles. (Mot. 10.) This includes various reports and published works, created between 1989 to 2023; websites ranging from government websites, news websites, and Lordstown's investor website; and public financial information. (Mot., Ex. C, Dkt. No. 530-4.)

"An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703. No doubt Pampinella may rely on legal treatises and published works in forming his opinions. See Daubert v. Merrell Dow Pharms., Inc., 43 F.3d 1311, 1318–19 (9th Cir. 1995). The issue is whether such treatises and articles were timely disclosed.

Pampinella was brought in after the close of discovery. The Court previously noted, "Well, there's a certain tension here. An expert has to be satisfied with the validity of his or her opinion, and that means that the person needs to do whatever research, fact-finding, et cetera, to put the expert in that position." (See Rep. Tr., 9:20–24, Mar. 23, 2023.)

Pampinella indeed relies on new materials. But given the circumstances of Pampinella's involvement in the case, the failure to disclose was both harmless and substantially justified. Pampinella was shielded from Sowards' report and was thus required to conduct his own research. And many of the disputed materials are published on well-known media, government, and scientific platforms or wesbites. Pampinella may rely on the materials as the basis for his opinions; however, the materials may not be admitted at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | August 15, 2023 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

Accordingly, the Court **DENIES** the motion as to these materials.

### IV. CONCLUSION

Any perceived prejudice to Karma can be mitigated by a rebuttal report and/or cross-examination. For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the motion. The Court **STRIKES** paragraphs 144, 145, and part of 161 from the report.

**IT IS SO ORDERED.**